Alvin HAZEN et al *v.* The
CITY OF BOONEVILLE, Arkansas et al

76-44                                    545 S.W. 2d 614

Opinion delivered January 17, 1977
(Division I)

*Wayland A. Parker,* for appellants.

*C. Richard Lippard,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellants commenced this action by filing their petition in the chancery court on June 25, 1974, as citizens, residents, taxpayers and property owners situated in the Annex to Street Improvement District No. 1 of the City of Booneville. They contended there and here that both the order creating the annex and the assessment of benefits in the annexed territory were void. Appellants state three points for reversal, but all are argued together in appellants' brief. In it, appellants contend that the failure of the city council to act upon the petition for the annexation within two years allotted by Ark. Stat. Ann. § 20-108 made the council's ordinance annexing the territory described in the petition and the assessments of benefits thereunder null and void. That section provides that a petition for the creation of a municipal improvement district shall become void unless it has been acted upon within two years from the date of its filing.

The fallacy in appellants' approach lies in their assumption that § 20-108 applies to petitions for annexation. We find nothing in the language of the statute providing for annexation of territory to a municipal improvement district [Act 280 of 1919, appearing as Ark. Stat. Ann. § 20-134 (Repl. 1968)] indicative of a legislative intent that Ark. Stat. Ann. § 20-108 (§ 3 of Act 64 of 1929 as amended) have any application to an annexation proceeding. Nor do we find anything in Act 64 of 1929 on which to base a finding of such legislative intent.

Appellants also argue that the court erred in granting appellees' oral motion to dismiss that portion of the complaint alleging the invalidity of the assessment of benefits. The basis of this argument is that the court, in effect, granted

a summary judgment, without following the procedures required by Ark. Stat. Ann. §§ 29-205, 29-203 and 29-202 (Repl. 1962). This issue was waived because it was not raised by an objection on this ground in the trial court. We cannot consider it for the first time on appeal. *Ragge* v. *Bryan*, 249 Ark. 164, 458 S.W. 2d 403. To the contrary, appellants, insisting that § 20-108 governed, then offered to prove that the record showing that the petitions were filed in 1969 was incorrect and that the petitions were actually filed some two years earlier. Appellants also asked to be allowed to prove all the other allegations of their complaint. The trial court not only heard evidence on one issue, i.e., whether Street Improvement District No. 1 of the City of Booneville was in existence when the additional territory was annexed to it, but it also advised appellants' counsel that he might make an offer of proof on other issues.

No argument is made in appellants' brief that the chancellor erred in holding that Street Improvement District No. 1 was "a live, viable street improvement" and that the face of the record disclosed that the attack made by appellants was barred by the applicable statute of limitations, Ark. Stat. Ann. § 20-134 (Repl. 1968). No authority to support appellants' position on these points is cited. Failure to argue a point constitutes a waiver. See *Brockwell* v. *State,* 260 Ark. 807, 545 S.W. 2d 60 (1976). We will not consider assignments of error presented in a brief unsupported by convincing argument or authority, unless it is apparent without further research that they are well taken. *Dixon* v. *State,* 260 Ark. 857, 545 S.W. 2d 606 (1977). We cannot say that it is apparent that these points are well taken. This court accepts as correct the decisions of a trial court which the appealing parties do not show to be wrong. *Clemson* v. *Rebsamen,* 205 Ark. 123, 168 S.W. 2d 195.

There is one other matter that we feel compelled to mention because it is recurring too frequently. We note that appellants' statement of the case consists of ten pages, in spite of the admonitions in Rule 9 (b) that such statements should ordinarily not exceed two pages in length. The statement in this case goes far beyond the requirements of the rule in that

874

it gives a complete history of the entire litigation, recites allegations in pleadings and even contains a verbatim recitation of the dialogue pertaining to, and including, appellants' offer of proof. Striking the brief would be too severe a sanction in this case. We take this opportunity to call the attention of the bar to the two-page ideal espoused by our rule. We believe that such lengthy statements result from a misconception of their purpose. For a complete statement of that purpose, we refer the bar to an article by Mr. Justice George Rose Smith, appearing in Vol. 15, Arkansas Law Review at p. 357. Adherence to the precepts there expounded will be of material assistance to this court.

The decree is affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.