## Carver Ray HOLDEN *v.* Ola B. HOLDEN

CA 80-73                                        601 S.W. 2d 247
Court of Appeals of Arkansas
Opinion delivered June 25, 1980
Released for publication July 8, 1980

*Stuart Vess*, for appellant.

*Paul Petty*, for appellee.

DAVID NEWBERN, Judge. The appellant would have us characterize the main issue in this case as being whether there was condonation by the appellee of the appellee's ground for divorce which was general indignities. We see the issue, however, as being whether this was an uncontested proceeding in view of the withdrawal of the appellant's amended answer to the appellee's complaint and the appellant's agreement that the divorce be taken uncontested. Because we hold that the divorce was uncontested we need not decide whether the condonation initially alleged by the appellant had any effect.

In response to the appellee's complaint for divorce alleging general indignities, the appellant filed a general denial. He later asserted the condonation defense based upon what he testified to have been a two-day reconciliation which occurred after the suit was filed and before his amended answer was filed. Discovery ensued, and the appellee asked the court for an order for temporary support. The hearing was held June 4, 1979, during which the parties testified with respect to their property and the appellee's need for temporary support. It was during this hearing that the appellant testified the appellee had returned to their home after the suit was filed. The appellee testified she had been in the home but denied that sexual intercourse or reconciliation of any sort had occurred. Because of uncertainty in the law which existed at that time, the chancellor declined to award the appellee temporary alimony, but did address the need for restraint upon the parties in the manner in which they might deal with possession of their home and the continued operation of their family farm.

The parties appeared at a hearing July 16, 1979, at which the appellant's attorney requested permission to withdraw the general denial. On behalf of the appellant, the appellant's attorney also outlined an agreement the parties had reached with respect to division of their property. The appellant's attorney made it clear that no claim was being made to any property the appellee had inherited. It was very clear that the appellant had, at that point, chosen not to contest the taking of the divorce, and after the appellee's attorney indicated his concurrence in the proposed agreement, as it had been stated by counsel for the appellant, the court, addressing the appelle's attorney, said:

> You will present your testimony on that and the answer will be withdrawn?
>
> MR. PETTY [appellee's attorney]: That's right.
>
> MR. DISHONGH [appellant's attorney]: Yes, sir.

The court then took testimony of the appellee and two other witnesses, at least one of whom corroborated the fact that the

appellee had been a resident of White County for over 90 days. The court then instructed the appellee's counsel to prepare the decree and submit it to the court whereupon the divorce would be final.

A hearing was held September 17, 1979, some five days before the final decree was entered, for the purpose of determining whether the appellant was in contempt for having failed to abide by the temporary order previously entered by the court. At this hearing, the appellant was represented by an attorney who had not represented him previously. The testimony of the appellant was to the effect that he had not understood the agreement would deprive him of his "share" of the appellee's inherited property, and that he felt this was unfair as she had promised him joint ownership of it. In the course of the hearing, the appellant's new lawyer (the fourth employed by him in the course of this litigation) moved that the appellant's general denial be reinstated. The court denied the motion.

The appellant contends the court should have dismissed the suit because of the "cohabitation of the parties while suit was pending." While it is true there was evidence taken in the temporary support hearing with respect to a short period of time the appellee spent in the parties' home after the suit was filed, that evidence became irrelevant when the appellant withdrew his answer and declined to contest the divorce.

The appellant's second point is that the court erred in not reinstating the general denial during the hearing which was held to determine whether he had complied with the temporary decree. The appellant cites no authority in support of this point, and thus we need not consider it as it is not obviously or apparently correct. *Hazen* v. *City of Booneville*, 260 Ark. 871, 545 S.W.2d 614 (1977); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977). To the contrary, we find no patent error in the court's refusal to reinstate a general denial in the course of a hearing which is not held to address the merits of the case. Additionally, reinstatement of the general denial would not have had the effect of reinstating the defense of condonation which was withdrawn when the answer was withdrawn.