## DONGIEUX'S *v.* Beatrice O. SHOAF

CA 80-276                                608 S.W. 2d 33
Court of Appeals of Arkansas
Opinion delivered November 19, 1980

*F. W. Jeffcoat*, for appellant.

No brief for appellee.

DAVID NEWBERN, Judge. This appeal is from a judgment obtained by the appellee in a breach of warranty action. The appellant sold washer-dryer equipment to National Credit Corporation (National) which transferred it to the appellee under a lease-purchase agreement for use in the appellee's washateria.

A separate action was filed by National against the appellee for breach of their agreement. In that action, the appellee counter-claimed alleging breach of warranty, and National impleaded the appellant on the appellee's breach of warranty claim. That action was settled after the third party claim against the appellee had been dismissed without prejudice.

In the action on appeal here, the appellant filed in the trial court a motion to dismiss based on theories of res judicata and lack of privity of contract. The trial court denied the motion, and this appeal has mostly to do with whether the motion should have been granted. The appellant has raised eight points for reversal. We will discuss most of them and state further facts as necessary.

## 1. *Res Judicata.*

The appellant has stated no authority whatever on this point, and has simply said the order of the trial court in dismissing the action of National against the appellee upon settlement "resolved all differences among the parties, including any question of breach of warranty."

All we know about the dismissal of the appellant from that lawsuit was that it was done "without prejudice." The appellant does not explain how the theory of res judicata might apply to make that dismissal a bar to the appellee in

the case before us. While we can think of some such theories, all of them questionable, we cannot argue the appellant's case. If no authority is cited and the point raised on appeal is not obviously correct, we are not required to consider it. *Cherokee Carpet Mills, Inc.* v. *Worthen Bank and Trust Co.*, 262 Ark. 776, 561 S.W. 2d 310 (1978); *Hazen* v. *City of Booneville*, 260 Ark. 871, 545 S.W. 2d 614 (1977); *Shinn* v. *First National Bank of Hope, Arkansas*, 270 Ark. 774, 606 S.W. 2d 154 (Ark. App. 1980).

## 2. *Necessary party.*

The appellant contends that National was a necessary party to the appellee's suit against the appellant. The appellant cites Ark. Stat. Ann. § 85-2-318.1 (Add 1961), for the purpose of agreeing that privity of contract between the appellant and the appellee was not necessary to a suit for breach of warranty. Again, no authority is cited or argument made as to why National was a necessary party here. Our citations with respect to point one, *supra*, apply here also.

## 3. *Evidence excluded.*

The appellant contends the court improperly excluded testimony of the Cleburne County circuit clerk which would have shown that in the action by National against the appellee the appellee's answer was not amended to allege breach of warranty until two months after it was first filed. Other than the appellant's brief on the motion to dismiss, nothing has been abstracted by the appellant to show that any such evidence was proffered or reasons it may have been denied.

In an effort to be thorough and fair to the appellant, we have gone to the record and discovered the reason the evidence was excluded was because the appellant had not sought to have the pleadings as to which the clerk would have testified marked as exhibits at the pre-trial conference.

The same was true with respect to a deposition of a witness the appellant sought to introduce.

Although both of these items might have been admissi-

ble, the appellant has utterly failed to address the reason they were excluded, *i.e.,* the court's determination they should have been dealt with at the pre-trial conference. The appellant has stated no reason to say the court erred, and again, given no authority on the point and no argument of it. We decline to disagree with the trial judge.

### 4. *Excessive damages.*

In addition to citing no authority on this point, the appellant has abstracted none of the testimony in the case from which we might determine whether the jury, as he claimed, was inflamed by passion or otherwise prejudiced in award of damages. The abstract is thus insufficient to permit us to consider that point. Rule 9(d) of the Rules of the Arkansas Supreme Court and Court of Appeals.

### 5. *Juror misconduct.*

The remainder of the appellant's points for reversal are argued without citation of authority, and we decline to consider them, with one exception. The appellant urges that the motion for a new trial should have been granted because a juror, whose deposition was obtained by the appellant, said she considered in reaching her verdict the fact that no representative of the appellant was "present" at the trial.

In response to this argument which, again, was made with no citation of authority, we need only cite evidence rule 606(b), Ark. Stat. Ann. § 28-1001 (Repl. 1979), which precludes a juror from giving testimony in any inquiry as to the validity of a verdict as to the effect of any such matter upon her mind or emotions in reaching the verdict.

Affirmed.