Jay D. URICH *v.* STATE of Arkansas

CR 87-50                                    737 S.W.2d 155

Supreme Court of Arkansas
Opinion delivered October 5, 1987

*Jeff Duty,* for appellant.

*Steve Clark,* Att'y Gen., by: *William F. Knight,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Jay Urich was convicted in the Municipal Court of Ft. Smith of driving while intoxicated in violation of the Omnibus DWI Act, Ark. Stat. Ann. § 75-2501 et seq. Appellant was fined $500 and his driver's license was suspended for ninety days pursuant to § 75-2511. Two weeks later he was arrested in Benton County for driving with a suspended driver's license. He was convicted by the Benton Circuit Court and sentenced to ten days in jail.

On appeal, Urich challenges his conviction in Benton Circuit Court on the grounds that the suspension of his license by the Ft. Smith Municipal Court was of no effect and therefore he could not be convicted of driving with a suspended license. Urich argues that he was prosecuted by the City of Ft. Smith in violation of Rule 1.5 of the A.R.Cr.P., which provides:

All prosecutions for violations of the criminal laws of this state shall be in the name of the State of Arkansas, provided that this rule shall in no way affect the distribution, as provided by law, of moneys collected by municipal courts.

The only evidence in the record of the Ft. Smith proceedings is an abbreviated "Transcript of Judgment," which has two blanks, one by City of Ft. Smith and one by State of Arkansas. The blank indicating the City of Ft. Smith is checked. Urich argues that because Rule 1.5 was not followed, the Ft. Smith conviction was of no effect. He cites nothing other than the rule itself, but the implication of his contention is that the city had no authority to prosecute him. The argument constitutes a collateral attack on the Ft. Smith conviction, which could have been raised by appeal. However, since lack of subject matter jurisdiction is subject to collateral attack, [*Ark. State Hwy. Comm.* v. *Rice*, 259 Ark. 190, 532 S.W.2d 727 (1976); *Catlett* v. *Republican Party of Arkansas*, 242 Ark. 283, 413 S.W.2d 651 (1967)] we will treat appellant's argument as being that the Ft. Smith Municipal Court had no jurisdiction to convict him of a violation of state law.

That municipal courts may exercise jurisdiction over state misdemeanor violations is settled law. Article 7, § 1 of the Arkansas Constitution provides:

The judicial power of the State shall be vested in one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts . . . .

Ark. Stat. Ann. § 22-702 establishes municipal courts and § 22-709 grants jurisdiction to municipal courts over misdemeanors.

The same issue was raised in *Ex Parte Hornsby*, 228 Ark. 975, 311 S.W.2d 529 (1958), where the petitioner was convicted in municipal court of violating a state DWI statute. We found the argument without merit, citing Ark. Stat. Ann. § 22-709.

Urich also submits that under Ark. Stat. Ann. § 75-1511, the municipal judge of Ft. Smith had no authority to suspend his driver's license. The statute provides:

At the time of arrest for violating § 75-2503 [driving while intoxicated] the arresting officer shall seize the motor vehicle operator's license of the person arrested and issue to such person a temporary driving permit to expire on the date of arraignment. The arresting officer shall remit the seized operator's license to the court. Upon arraignment, the judge shall issue such person a temporary permit to expire on the date of the trial. *If the person is convicted of violating § 75-2511, the court shall transmit the operator's license to the Office of Driver Services and shall instruct the Office of Driver Services to suspend or revoke such person's motor vehicle operator's license as follows*: (Our emphasis).

Urich contends that the statute should be construed as reading that only the Office of Driver Services is authorized to suspend licenses, and not the sentencing judge. He then asserts that inasmuch as the municipal judge directed an unauthorized suspension, it is of no effect, and that in any case, the court never transmitted the license to the ODS as directed by the statute, which is essential in order to support a valid suspension.

Appellant's brief suggests these points involve matters of jurisdiction which, as we have noted, could be addressed in a collateral attack. However, we decline to consider the argument within the context of this case because the record contains only this: "Disposition: Fined 500.00/90 days D.L. susp." There is no evidence that the statute was not fully complied with. All we have is appellant's bare claim on appeal that such was the case. Nothing in the statute requires that this information be part of, or noted on, a judgment.

There is a similar flaw in appellant's argument that the judge was not authorized to suspend the license. The above notation on the judgment tells us nothing as to who or what was involved in authorizing the suspension. We do not reverse unless the record demonstrates error. *Sharum* v. *Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978). It is appellant's burden to demonstrate error, and he has failed to do so. *Hazen* v. *City of Booneville*, 260 Ark. 871, 545 S.W.2d 614 (1977); *Clemenson* v. *Rebsamen*, 205 Ark. 123, 168 S.W.2d 195 (1943).

Affirmed.