Jimmy Dale GRAHAM *v.* STATE of Arkansas

CA CR 88-32                                   756 S.W.2d 921

Court of Appeals of Arkansas
Division II
Opinion delivered September 14, 1988

*WQ Hall*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. The appellant in this case was convicted in the Elkins Municipal Court for driving while intoxicated. On appeal to circuit court, he was again convicted. In his appeal to this court, the appellant argues that the City of Elkins could not be the plaintiff in a criminal prosecution for violation of a state law; that it could not be the plaintiff in a case where the offense occurred outside the city limits; and that the circuit court had no jurisdiction to change the plaintiff to the State of Arkansas in the appeal from municipal court. We do not agree, and we affirm the conviction.

By stipulation, the record shows that on January 25, 1987, at approximately 2:18 a.m., appellant was westbound on Highway 45 near Goshen, Arkansas, and Washington County Deputy Otis Harris was eastbound on the same road. As Deputy Harris approached appellant's vehicle, he observed appellant's car cross the center line of the road, move back to the right side, then go off onto the shoulder of the road. Deputy Harris turned around and followed appellant's car for a short time. He observed it cross the center line again, and saw it sway in the east-bound lane as it traveled east. Harris stopped appellant and noticed a strong odor of alcohol about him. Appellant admitted he had consumed a "couple of beers." Harris administered field sobriety tests which appellant failed. He was then taken to the Washington County Sheriff's Office and given a breathalyzer test.

The stipulation states that appellant's rights were read to him and that the breathalyzer test was administered on a properly certified and standardized machine by an officer certified to perform the test. Appellant registered 0.15%. He was found guilty of DWI and sentenced to pay a fine of $150.00, court costs of $306.75, his driver's license was suspended for 90 days and he was ordered to attend safe driving school. We take judicial notice that the City of Elkins is in Washington County, and it is stipulated that appellant was arrested in that county but outside the city limits of Elkins.

In his appeal to this court appellant first argues that the City of Elkins cannot be plaintiff in a criminal prosecution for violation of state law because Rule 1.5 of the Arkansas Rules of Criminal

Procedure provides:

> All prosecutions for violations of the criminal laws of this state shall be in the name of the State of Arkansas, provided that this rule shall in no way affect the distribution, as provided by law, of moneys collected by municipal courts.

■■ The Arkansas Supreme Court recently considered this issue in *Urich* v. *State*, 293 Ark. 246, 737 S.W.2d 155 (1987).

> That municipal courts may exercise jurisdiction over state misdemeanor violations is settled law. Article 7, § 1 of the Arkansas Constitution provides:

> > The judicial power of the State shall be vested in one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts . . . .

> Ark. Stat. Ann. § 22-702 establishes municipal courts and § 22-709 grants jurisdiction to municipal courts over misdemeanors.

> The same issue was raised in *Ex Parte Hornsby*, 228 Ark. 975, 311 S.W.2d 529 (1958), where the petitioner was convicted in municipal court of violating a state DWI statute. We found the argument without merit, citing Ark. Stat. Ann. § 22-709.

293 Ark. at 247. It would have been correct to have styled this case in municipal court as "State of Arkansas v. Jimmy Dale Graham" and this might have prevented this appeal; however, the style naming the plaintiff as the "City of Elkins" did not affect the court's jurisdiction to try the crime charged.

■ Next, appellant argues that the City of Elkins cannot be the plaintiff in a case where the offense happened outside its city limits. It was stipulated that appellant was arrested in rural Washington County. The first sentence of Ark. Stat. Ann. § 22-709 (Repl. 1962) [Ark. Code Ann. § 16-17-206(d) (1987)] provides:

The municipal courts shall have original jurisdiction coextensive with the county wherein the said court is situated . . . .

See also, Horn v. State, 282 Ark. 75, 665 S.W.2d 880 (1984).

■ Finally, appellant argues that the circuit court had no jurisdiction to change plaintiffs in an appeal from a municipal court. Actually, the real party in interest was not changed because the city, county and state were each interested in the prosecution of the crime. Furthermore, the Constitution of the State of Arkansas, Article 7, § 14 provides that:

The circuit courts shall exercise a superintending control and appellate jurisdiction over county, probate, court of common pleas and corporation courts and justices of the peace, and shall have power to issue, hear and determine all the necessary writs to carry into effect their general and specific powers, any of which writs may be issued upon order of the judge of the appropriate court in vacation.

Thus, the circuit court had jurisdiction to try this case and the style of its judgment "State of Arkansas, County of Washington" was proper.

Affirmed.

COOPER and COULSON, JJ., agree.