The Honorable H.G. Foster Prosecuting Attorney P.O. Box 1105 Faulkner County Courthouse Conway, Arkansas 72033
Dear Mr. Foster:
This is in response to Deputy Prosecuting Attorney B.J. Houston's request for an opinion on the following question concerning the proper division of money collected for fines:
 When an arrest is initiated by a Conway City Police officer for an Arkansas Criminal Code violation (not a Conway city municipal ordinance), must the fine for such violation be paid to the county entity which houses the prisoner rather than to the city whose officer arrested the prisoner?
This question has been partially answered in two previous opinions issued by this office, Op. Att'y Gen. Nos. 94-135 and 91-350, copies of which I am enclosing for your review. In my opinion, the answer to this question will ultimately depend upon where the offense occurred and whether the fine is imposed in circuit court or municipal court.[1]
Arkansas Code Annotated § 16-92-113 (1987), Fines — Disposition, provides:
 (a) All fines, penalties, and forfeitures imposed by any court or board of officers, other than city and police courts, shall be paid into the county treasury for county purposes.
 (b) All fines and penalties of city courts and courts of incorporated towns for violations of city or town ordinances not defined as offenses against the state may be retained by the city or town for the maintenance of the courts of the city or town.
This office has previously relied upon A.C.A. § 16-92-113(a) to conclude that in the absence of state law to the contrary, the legislature has declared that all fines imposed by a court, other than city or police courts, shall be paid into the county treasury for county purposes.[2]See Op. Att'y Gen. No. 91-416. The legislature, however, has enacted several more specific provisions, since A.C.A. § 16-92-113 was enacted, that impact this general rule.
First, the disbursement of fines, penalties, forfeitures, fees, and costs collected in municipal court is generally governed by A.C.A. § 16-17-707
(Repl. 1994). Although your question concerns an "Arkansas Criminal Code violation" rather than a violation of a municipal ordinance, the municipal court has original jurisdiction, coextensive with the county wherein the court is situated, over state misdemeanor violations committed within the county. Ark. Code Ann. § 16-17-704 (Repl. 1994);State v. Roberts, 321 Ark. 31, 900 S.W.2d 175 (1995); Urich v. State,293 Ark. 246, 737 S.W.2d 155 (1987). Therefore, a fine could be imposed in municipal court even if a municipal ordinance is not violated. Arkansas Code Annotated § 16-17-707 provides:
 (a) The municipal court clerk shall keep three (3) separate accounts of all fines, penalties, forfeitures, fees, and costs received by him for any of the officers of the city, township, or county, as provided in this subchapter.
 (1) The first class of accounts shall embrace all sums collected in the municipal court in all criminal cases arising out of violations of the city ordinances and cases arising out of violation of state laws committed within the corporate limits of the city where the court sits, where the arresting officer was a police officer or other officer of the city or where the arresting officer was a state police officer.
 (2) The second class of accounts shall embrace all cases arising out of violation of any of the laws of the state where the arresting officer was not a police officer or other officer of the municipality, or where the offense was committed outside the corporate limits of the city and the arrest was made by a state police officer, and in all other criminal proceedings not specifically enumerated in this section.
 (3) The third class shall embrace all sums collected in the municipal court in all civil cases.
 (b) After deduction and remittance of those fees permitted and authorized in this subchapter, the balance shall be disbursed to the treasurers of the political subdivisions which contribute to the expenses of the municipal court in proportionate amounts as each pays to the court.
 (c) After deducting the fees and costs due the sheriff and constables, the municipal court shall pay into the city treasury all sums arising from the first class of accounts, and he shall pay all sums arising out of the second class of accounts into the county treasury.
 (d) All disbursements from all three (3) classes shall be pursuant to the provisions set forth in §§ 16-10-201 -16-10-210.
Thus, the municipal court must pay into the city treasury all fine proceeds assessed for (1) violations of city ordinances and (2) violations of state law where the violation occurs within the corporate limits of the city and the arresting officer is an officer of the city or is a state police officer. See Op. Att'y Gen. No. 91-350. In all other criminal proceedings, the municipal court must pay the net proceeds of all fines into the county treasury. Consequently, if a defendant is arrested by a Conway City Police officer for a violation of state law that occurred within the corporate limits of Conway and the defendant is tried in municipal court, the proceeds of the fine, after the enumerated expenses are deducted, must be paid to the city treasury.[3]
If, however, the defendant appeals his conviction from municipal court to circuit court, then the procedures set forth in A.C.A. §§ 16-96-501 —16-96-510, as well as Arkansas Inferior Court Rule 9, must be followed.See Op. Att'y Gen. Nos. 94-135 and 91-350. On appeal to the circuit court, the case is tried anew as if no judgment had been rendered. A.C.A. § 16-96-507 (1987). Further, A.C.A. § 16-96-403 (Supp. 1995) controls the distribution of fines imposed on appeal by the circuit court. See Op. Att'y Gen. Nos. 94-135 and 91-350. At the time that this office issued Opinion No. 94-135, A.C.A. § 16-96-403 provided in part:
 The fines, penalties, forfeitures, and costs imposed by the circuit court for the violation of municipal ordinances and bylaws, in cases appealed from the police or municipal courts of cities of the first class, shall be collected and disbursed by the sheriff in the following manner:
 (1) The penalty imposed for the violation of the city ordinance or bylaw shall be immediately paid to the city collector or recorder of the city whose ordinance or bylaw was violated, for city purposes[.]
(Emphasis supplied.) This office opined that A.C.A. § 16-96-403 only controlled the distribution of fines imposed on appeal by the circuit court for the violation of municipal ordinances. See Op. Att'y Gen. Nos.94-135 and 91-350. As to the distribution of fines imposed on appeal for the violation of a state law that was not also a municipal ordinance, this office opined in Op. Att'y Gen. No. 94-135 that we could not offer a conclusive answer to this question. The following language from Opinion94-135 explains this conclusion:
 If, however, the defendant in question is convicted of a state law which does not represent a violation of a municipal ordinance as well (a question that does not appear to have been addressed in Op. Att'y Gen. No. 91-350), A.C.A. § 16-96-403 would not appear to govern the disposition of the fines assessed by a circuit court on an appeal from municipal court. In fact, there appear to be no statutes which directly address this situation, thus perhaps suggesting the need for future legislative clarification. It is arguable that the disbursement scheme in these instances should be the same as described above where the defendant is convicted of a violation of a municipal ordinance since, absent an appeal, cities retain fine proceeds assessed for violations of state law occurring within the corporate limits of the city where the arresting officer is an officer of the city. See A.C.A. § 16-17-707
(as discussed above). Additionally, such an argument might be strengthened by A.C.A. § 16-96-507, which states:
 Upon the appeal [from municipal court to circuit court], the case shall be tried anew as if no judgment had been rendered, and the judgment shall be considered as affirmed if a judgment for any amount is rendered against the defendant, and thereupon he shall be adjudged to pay costs of the appeal.
 Since any fines imposed by the circuit court on appeal would constitute an affirmance of the municipal court judgment, one could argue that the fines should be disbursed as if no appeal had been taken (i.e.,
disbursed to city as described above). . . . While the foregoing arguments may be persuasive, especially in light of the apparent absence of any authority with respect to the disbursement of fines assessed by a circuit court on a de novo appeal where the defendant has been convicted of a violation of state law (which is not also a violation of a municipal ordinance), it should be emphasized that only the legislature or the judiciary can ultimately resolve this matter. As such, I cannot offer a conclusive answer to your first question.
In 1995, the General Assembly enacted Act 1252, which amended A.C.A. §16-96-403 to read as follows:
16-96-403. Imposition by circuit court on appeal — Costs.
 The fines, penalties, forfeitures, and costs imposed by the circuit court for the violation of municipal ordinances or any law, in cases appealed from the inferior courts of cities of the first class, cities of the second class, or incorporated towns shall be collected and disbursed by the sheriff in the following manner:
 (1) The fine or penalty imposed for the violation of the city or town ordinance or any law shall be immediately paid to the city or town treasury of the city or town whose ordinance or any law was violated, for city or town purposes;
 (2) The inferior court costs shall be retaxed in the circuit court and shall be paid immediately to the city or town treasury for city or town purposes;
 (3) The costs taxed for the trial in the circuit court shall be paid to the county treasurer for county purposes.
(Emphasis supplied.) When the language of a statute is plain and unambiguous, the Arkansas Supreme Court will give the language its plain and ordinary meaning. Caplener v. Bluebonnet Milling Co., 322 Ark. 751,911 S.W.2d 586 (1995). In my opinion, the plain language of A.C.A. §16-96-403 now requires that all fines imposed in circuit court for a violation of state law, where the case is on appeal from the specified inferior courts, must be paid to the city treasury of the city "whose ordinance or any law was violated."
Finally, we must examine the case in which the defendant is initially charged in circuit court. In Op. Att'y Gen. No. 91-416, this office opined that absent a specific state law to the contrary, all fines adjudged against defendants in circuit court and collected by a county officer must be deposited in the county general fund. This opinion was based upon A.C.A. § 16-92-113(a) and A.C.A. § 21-6-310 (1987). Section21-6-310 requires that "all fees, fines, penalties, and other moneys collected by any . . . county employee shall be . . . placed in the county general fund." Consequently, if a defendant is arrested by a Conway City Police officer for a violation of state law and he is initially tried in circuit court, the fine generally must be paid into the county treasury.
It must also be noted that specific statutes may expressly provide for the disbursement of fines collected as a result of a violation of the statute. For example, A.C.A. § 23-112-603 (Supp. 1995) provides in part:
 (a) In addition to any other penalty prescribed by existing laws, the penalties for violations of this subchapter [Used Motor Vehicle Buyers Protection] and the disbursement of fines shall be as follows: . . .
 (c)(1) If the arresting officer is an Arkansas State Police officer, one-half (1/2) of the fine shall be deposited in the State Treasury and credited to the Department of Arkansas State Police Fund to be used for the purchase and maintenance of state police vehicles;
 (2) If the arresting officer is a county law enforcement officer, one-half (1/2) of the fine shall be deposited in that county fund used for the purchase and maintenance of rescue, emergency medical, and law enforcement vehicles to be used for those purposes; and
 (3) If the arresting officer is a municipal law enforcement officer, one-half (1/2) of the fine shall be deposited in that municipal fund used for the purchase and maintenance of rescue, emergency medical, and law enforcement vehicles to be used for those purposes.
See also A.C.A. § 27-22-103 (Repl. 1994); A.C.A. § 6-10-103 (Repl. 1993); A.C.A. § 16-21-108 (Repl. 1994); A.C.A. § 16-90-307 (1987); A.C.A. § 27-14-313—314 (Repl. 1994). The Arkansas Supreme Court has recognized that a general statute does not apply when there is a specific statute covering a particular subject matter. Donoho v. Donoho,318 Ark. 637, 887 S.W.2d 290 (1994). Thus, with regard to the statutes listed, as well as any other statute that specifically addresses the disbursement of funds collected as a result of a violation of the statute, the specific statute would govern over the statutes that address the disposition of fines in general.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Although your question refers to the "county entity which houses the prisoner," the costs for incarcerating a prisoner are distinct from the payment of a fine. Arkansas Code Annotated § 12-41-506 (Repl. 1995) governs the expenses of municipal prisoners held in county jails. See
Op. Att'y Gen. Nos. 95-337 and 95-249.
[2] Arkansas Code Annotated § 16-17-205 (Repl. 1994) establishes municipal courts in the cities subject to the subchapter and abolishes the police courts in those same cities. See Urich v. State,293 Ark. 246, 737 S.W.2d 155 (1987); City of Cabot v. Thompson,286 Ark. 395, 692 S.W.2d 235 (1985). Section 16-17-205(a) provides in part that "[t]his shall be regarded in law as a continuation of the police courts as existing by law therein on February 28, 1927."
It should also be noted that A.C.A. § 14-55-608 (1987) provides:
 (a) All fines and penalties imposed by the city, police, or municipal court in any city or incorporated town in this state shall be paid into the city or town treasury.
 (b) The city or town councils shall have power to prescribe all necessary regulations for the collection of, and accounting for, fines and penalties.
However, Chapter 55 of Title 14 of the Arkansas Code applies to "ordinances of municipalities;" therefore, it would not be applicable in the instant case because your question addresses a violation that is not a violation of a municipal ordinance.
[3] If a city or town does not have a municipal court, then the relevant statutes must be considered. See generally A.C.A. § 14-44-108
(Supp. 1995) (mayor and city court in second-class cities); A.C.A. §14-45-106 (Supp. 1995) (mayor and city court in incorporated towns); A.C.A. § 16-18-111 (Supp. 1995) (city court in first-class cities); A.C.A. § 16-96-111 (1987) (police courts); A.C.A. § 16-96-401 (1987) (justices of the peace); A.C.A. § 16-17-122 (Repl. 1994) (disposition of fines in case where venue changed from a city or police court to a municipal court). Further, although it is not applicable in the instant case, it should be noted that A.C.A. § 16-17-119(a) (Repl. 1994) provides:
 (a) All funds, penalties, forfeitures, fees, and costs collected in municipal courts established under Acts 1915, No. 87, Acts 1927, No. 60, or § 16-18-111 in any county having a population of two hundred fifty thousand (250,000) or more inhabitants according to the most recent federal census shall be collected by the clerk of the municipal court and deposited in the city treasury of the city or municipality in which the court is located, to be used for maintaining and operating the municipal courts in the county and for other general municipal purposes. However, fees and costs established by law for other specific purposes, including, but not limited to, state police retirement funds, library and building funds, legal education funds, prosecuting attorney funds, public defender funds, and funds established for the expenses of the judiciary in general other than in municipal courts shall be disposed of according to law.