Winston BRYANT, Attorney General *v.* Richard WEISS, Director, Arkansas Department of Finance and Administration, and Mike Huckabee, Governor

98-564                                      983 S.W.2d 902

Supreme Court of Arkansas
Opinion delivered December 21, 1998

536

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen. and *David R. Raupp*, Sr. Asst. Att'y Gen, for appellant.

*Everett & Mars*, by: *Thomas A. Mars* and *John J. Watkins*, for appellee.

RAY THORNTON, JUSTICE. Attorney General Winston Bryant brings this appeal of the Pulaski County Circuit Court's finding that the Attorney General, acting in his official capacity, lacks standing to bring suit to appeal the denial of his request for access to documents pursuant to the Arkansas Freedom of Information Act. We do not agree that Attorney General Winston Bryant lacks standing to bring this appeal, and, accordingly, we reverse and remand.

In October of 1997, Governor Mike Huckabee established a "hotline" to receive allegations of wrongdoing in connection with state contracts. The hotline was originally housed in and staffed by the Department of Finance and Administration, but was ultimately moved to the Governor's offices. Following the Governor's denial of media requests to inspect hotline-generated

documents pursuant to the Freedom of Information Act, Attorney General Winston Bryant presented a Freedom of Information Act request to the Governor and Richard Weiss, Director of the Department of Finance and Administration, seeking to examine and photocopy all documents generated by the hotline. The Governor denied the request, citing the "working papers" exemption to the Freedom of Information Act.

On December 11, 1997, the Attorney General filed a Complaint for Declaratory Relief and Relief Pursuant to the Arkansas Freedom of Information Act, seeking, among other things, an *in camera* inspection of the records to determine whether any were exempt, and release of documents not subject to exemption. On December 12, 1997, the Governor filed a Motion to Dismiss the Appeal, or, in the alternative, to Disqualify the Attorney General, arguing that the Attorney General lacked standing to bring the action.

On February 5, 1998, without reaching such issues as whether the records are exempt from disclosure under the Freedom of Information Act, the circuit court granted the motion to dismiss on the basis that the Attorney General did not have standing to bring an action under the Freedom of Information Act. Specifically, the trial court found that the Attorney General constitutes an "office" or "entity," as opposed to an individual, and that as a consequence of that status, is not a "citizen" for purposes of acquiring standing under the Freedom of Information Act. The Attorney General appealed, seeking review of the circuit court's interpretation of the Freedom of Information Act to deny the Attorney General standing.

■   On review of an issue of statutory interpretation, we are not bound by the decision of the circuit court. However, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *See Hazen v. City of Booneville,* 260 Ark. 871, 545 S.W. 2d 614 (1977). Here, appellant challenges the trial court's interpretation of the Freedom of Information Act statute, and particularly the word "citizen" as depriving the Attorney General of standing to exercise the provisions of the Freedom of Information Act.

■ The first effective statutory right of access to governmental information came with the enactment of the federal Freedom of Information Act in 1966. *See* Justin D. Franklin and Robert E. Bouchard, *The Freedom of Information Act and Privacy Acts*, § 1.02, at 1-17 (2d ed. 1998). Arkansas enacted similar protection for public access to information in 1967 with its own Freedom of Information Act, codified now at Ark. Code Ann. §§ 25-19-101—25-19-107 (Repl. 1996, Supp. 1997). Since that time, this Court has broadly construed the Act in favor of disclosure. *See McCambridge v. City of Little Rock*, 298 Ark. 219, 766 S.W.2d 909 (1989). Unlike many cases involving statutory interpretation, the Freedom of Information Act specifically states the legislative intent:

> It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy. Toward this end, this chapter is adopted, making it possible for them, or their representatives to learn and to report fully the activities of their public officials.

Ark. Code Ann. § 25-19-102 (Repl. 1996).

■ Our decisions have clearly stated that the intent of the Freedom of Information Act was to establish the right of the public to be fully apprised of the conduct of public business. *City of Fayetteville v. Edmark*, 304 Ark. 179, 184-85, 801 S.W.2d 275, 278 (1990). As a rule, statutes enacted for the public benefit are to be interpreted most favorably to the public. The Freedom of Information Act was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved. *Id., citing Laman v. McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968).

It is with these guidelines before us that we turn our attention to our review of the trial court's interpretation of the Freedom of Information Act. The pertinent statutory language reads as follows: "[A]ll public records shall be open to inspection and copying by any citizen of the State of Arkansas." Ark. Code Ann. § 25-10-105(a) (Supp. 1997). No argument is advanced by any

party to challenge that Winston Bryant is a citizen of the state of Arkansas, or that Winston Bryant, acting as a private citizen and not in his capacity as Attorney General, would have standing to bring an appeal under the Freedom of Information Act. The thrust of appellees' argument that the Attorney General lacks standing to invoke the provisions of the Freedom of Information Act is that the statute should be interpreted as though the word "private" had been added to the statutory language, thereby limiting the reach of the laudable purposes of the Act by requiring that the person employing the provisions of the Act be any *private* citizen of the State of Arkansas.

■    We do not supply words not included by the Legislature to assist us in arriving at the legislative intent. Here, the statute provides that "any citizen of the State of Arkansas" shall have the right to inspect and copy all public records. Ark. Code Ann. § 25-19-105(a). But, the Act also refers to "elector" and "their representatives" as those for whose benefit the statute was enacted. Ark. Code Ann. § 25-19-102. Later in the chapter, the Act provides that "The time and place of each regular meeting shall be furnished to *anyone* who requests the information." Ark. Code Ann. § 25-19-106(b)(1) (Repl. 1996)(emphasis added). That same subsection also provides that "the public" shall be notified of emergency or special meetings in order that the public shall have representatives at the meeting. Ark. Code Ann. § 25-19-106(b)(2).

■ ■    This court has previously held that, without delving into the distinctions between the various terms used in the statutes, the Act clearly provides that anyone who requests information is entitled to it. *Arkansas Highway and Transp. Dep't. v. Hope Brick Works, Inc.*, 294 Ark. 490, 495, 744 S.W.2d 711, 714 (1988), *citing Arkansas Gazette Co. v. Pickens*, 258 Ark. 69, 77-78, 522 S.W.2d 350, 355 (1975). Here, the words "citizen," "public," "person," and "anyone," are all used to describe the party empowered to invoke the Act for its public purposes. Interpreting the words broadly is appropriate. As we said in *Arkansas Gazette Co. v. Pickens*, 258 Ark. 69, 522 S.W.2d 350 (1975), the reason, spirit, and intention of the legislation shall prevail over its letter.

*Id.,* 258 Ark. at 74, 522 S.W.2d at 353 (1975), *citing Berry v. Gordon,* 237 Ark. 547, 376 S.W.2d 279 (1964).

■ Relying upon these principles, this Court has previously concluded that a corporation doing business in this state is a party entitled to information pursuant to the Act. *Arkansas Highway and Transp. Dep't. v. Hope Brick Works, Inc.,* 294 Ark. 490, 495, 744 S.W.2d 711, 714 (1988). Previously, the court had determined that a media representative who was a resident, but did not demonstrate citizenship, was an interested party entitled to proceed under the Freedom of Information Act. *Arkansas Gazette Co. v. Pickens,* 258 Ark. 69, 78, 522 S.W.2d 350, 355 (1975). Indeed, as the court pointed out in *Hope Brick Works,* a representative, including a representative of a corporation, is entitled to receive any information that any other person would be entitled to receive pursuant to the Act. *Arkansas Highway and Transp. Dep't. v. Hope Brick Works, Inc.,* 294 Ark. 490, 495, 744 S.W.2d 711, 714 (1988). Further, this court has addressed the issue of who is a member of the "public" for whose benefit the Freedom of Information Act was enacted and held it to be an exceptionally broad term encompassing "both those who support and those who oppose the actions or inactions of public officials, employees, or agencies, as well as those who wish merely to learn of and evaluate the actions of public officials." *City of Fayetteville v. Edmark,* 304 Ark. 179, 190, 801 S.W.2d 275, 281 (1990). The definition of "public" is broad and is to be liberally interpreted, and means the public at large, i.e., the "body politic." *Id., citing Arkansas Gazette v. Pickens,* 258 Ark. 69, 522 S.W.2d 350 (1975).

■ We therefore conclude that, giving the language of the Act its required liberal construction and turning to the legislative intent expressly stated in its provisions, Winston Bryant is not deprived of standing to bring this action because of the public office which he holds. We next address the issue whether Winston Bryant, as the Attorney General, acting in his official capacity with broad powers granted by statutes and Article 7 of the Arkansas Constitution, possesses standing to use the provisions of the Freedom of Information Act for the purpose of ensuring that "public business be performed in an open and public manner" and to use the resources of his office to challenge the denial of his

request for information pursuant to the Arkansas Freedom of Information Act.

We find the federal Freedom of Information Act to be instructive on this issue, in light of its role as the progenitor of each state's individual Freedom of Information Acts. The federal Freedom of Information Act contemplates that states and their agencies have standing to bring suit under the Act, notwithstanding that such standing is not explicitly conferred by the language of the Act. While the issue before this court has not been specifically addressed, several cases decided under the federal Act stand for the proposition that state agencies have standing to appeal a denial of a Freedom of Information Act request. *See Environmental Protection Agency v. Mink*, 410 U.S. 73 (1972)(members of Congress brought suit under federal Freedom of Information Act to compel disclosure concerning nuclear tests); *State of Texas v. Interstate Commerce Commission*, 935 F.2d 728 (5th Cir. 1991)(the State of Texas could be a "complainant eligible to recover attorney's fees under the Freedom of Information Act); *Commonwealth of Mass. v. U.S. Dep't. of Health & Human Serv.*, 727 F. Supp. 35 (D.Mass. 1989)(state welfare agency brought suit under the federal Freedom of Information Act seeking release of documents held by a federal agency).

Consistent with the interpretation of the federal Freedom of Information Act, and relying upon this court's own previous liberal construction of the Arkansas Freedom of Information Act concerning standing to proceed, we hold that the Attorney General, acting in his official capacity and using the resources of his office, does possess standing to appeal the denial of his request pursuant to the Arkansas Freedom of Information Act. We therefore reverse and remand to the trial court to address the issues raised in the pending litigation concerning the release of hotline-generated documents by appellees and for further proceedings consistent with this opinion.

Reversed and remanded.

GLAZE, J., concurring.

NEWBERN AND IMBER, J.J., dissenting.

T OM GLAZE, Justice, concurring. The majority opinion is correct if for no other reason than that *Arkansas Highway and Transp. Dep't v. Hope Brick Works*, 294 Ark. 490, 744 S.W.2d 711 (1998), compels reversing and remanding this case. There the court, citing *Arkansas Gazette Co. v. Pickens*, 258 Ark. 69, 522 S.W.2d 350 (1975), stated that the FOIA clearly provides that "*anyone* who requests information under the Act is entitled to it." *Hope Brick Works*, 294 Ark. at 495. (Emphasis added.) Certainly, Attorney General Winston Bryant is no less a citizen than was the corporation in *Hope Brick Works*, which we held was entitled to information under the FOIA. The Attorney General is a qualified elector, which requires him to be a citizen. *See* Ark. Const. Art. 3, § 1, and Art. 19, § 3. To say the Attorney General is not a citizen merely because he acts in his official capacity simply ignores both constitutional and statutory (FOIA) law.

In sum, the Attorney General clearly comes within this broad interpretation of the term "citizen" given the FOIA by this court. Professor Watkins appropriately recognized this broad interpretation, stating that *Hope Brick Works* may even have expanded the definition of the term "citizen" in the Act to include a foreign corporation. *See* J. Watkins, *The Arkansas Freedom of Information Act* 284 (2d ed. 1994). The decisions of *Pickens* and *Hope Brick Works* are controlling here, and we have not been asked to overrule them. Therefore, I would reverse.

D AVID NEWBERN, Justce, dissenting. The Arkansas Freedom of Information Act ("FOIA") entitles "any *citizen* of the State of Arkansas" to inspect and copy public records not covered by an exemption. Ark. Code Ann. § 25-19-105(a) (Repl. 1996)(emphasis added). "Any *citizen* denied the rights granted to him by this chapter may appeal immediately from the denial" to the appropriate circuit court. Ark. Code Ann. § 25-19-107(a) (Repl. 1996)(emphasis added). The Attorney General, in his official capacity, requested access to documents pursuant to the FOIA, and he appealed the denial of his request to the Pulaski County Circuit Court. The Circuit Court dismissed the appeal on the ground that the Attorney General lacked standing to proceed under the FOIA because he was not a "citizen" within the meaning of the above statutes.

The Circuit Court correctly determined the issue, and its ruling dismissing the Attorney General's appeal should be affirmed. Although "[w]e liberally construe the FOIA to accomplish its broad and laudable purpose that public business be performed in an open and public manner," *Arkansas Dep't of Fin. & Admin. v. Pharmacy Assocs., Inc.*, 333 Ark. 451, 456, 970 S.W.2d 217, 219 (1998), our task is to interpret the statute by giving effect to the intent of the General Assembly as expressed in the words of the law. *Sebastian County Chapter of the American Red Cross v. Weatherford*, 311 Ark. 656, 846 S.W.2d 641 (1993).

The FOIA is important because it "let[s] *citizens* know 'what their government is up to.'" *Stilley v. McBride*, 332 Ark. 306, 312, 965 S.W.2d 125, 127 (1998)(quoting *Department of Defense v. FLRA*, 510 U.S. 487, 497 (1994))(emphasis added). "[O]penness in government is an essential ingredient in a democratic society," and the FOIA clearly furthers that objective. *Arkansas Gazette Co. v. Goodwin*, 304 Ark. 204, 207, 801 S.W.2d 284, 288 (1990)(Turner, J., concurring).

The text of the Freedom of Information Act, however, reveals no intention on the part of the General Assembly to include a governmental officer, acting in his official capacity, within the term "citizen," as that term is used in the FOIA. It is undisputed that the Attorney General used the resources of his office to proceed in this action. It has been pursued by lawyers who are in the employ of the Attorney General and paid by the State. It very clearly is an action by the Office of the Attorney General and not by a "citizen" as contemplated by the FOIA.

In support of its position that the Attorney General had standing to proceed under the Arkansas Freedom of Information Act, the majority cites cases that interpret the federal Freedom of Information Act. The majority says that the federal cases are "instructive" on the standing issue. They are, however, entirely inapposite.

In *Commonwealth of Massachusetts Dep't of Public Welfare v. United States Dep't of Health & Human Services*, 727 F. Supp. 35 (D. Mass. 1989), the District Court ordered a federal agency to disclose information requested by a state agency pursuant to the fed-

eral Freedom of Information Act. The federal agency, however, did not assert that the state agency lacked standing to proceed under the statute, and thus the District Court made no holding on the point. Likewise, the defendant in *State of Texas v. Interstate Commerce Comm'n*, 935 F.2d 728 (5th Cir. 1991), did not argue that the State of Texas lacked standing to request information pursuant to the federal FOIA, and the Fifth Circuit did not address the issue. In *Environmental Protection Agency v. Mink*, 410 U.S. 73, 75 n.2 (1972), the United States Supreme Court addressed a federal FOIA claim brought by Members of Congress against a federal agency and specifically noted that the question of whether the Members could proceed "in their official capacities as Members of Congress" was not before the Court.

Even if the federal cases cited by the majority supported the view that governmental agencies or officers have standing to assert federal FOIA claims, the statute interpreted by those cases, 5 U.S.C. § 552(a) (1994), provides for the release of information "*to the public,*" not merely to "any citizen." Any case suggesting that governmental agencies or officers have standing to proceed under language conferring a right to information on "the public" simply has no bearing on whether such parties may proceed under language conferring a right to information only on "citizens." The Arkansas Freedom of Information Act confers a right to information on "any citizen," not "the public." The Attorney General, as a representative of "the public," would likely have a credible argument that he had standing under the language used in the federal statute. Under the more limited language in the Arkansas statute, however, the Attorney General clearly is not a "citizen" and thus lacks standing to proceed.

This conclusion is not contrary to *Arkansas Hwy. and Transp. Dep't v. Hope Brick Works, Inc.*, 294 Ark. 490, 744 S.W.2d 711 (1988), or *Arkansas Gazette Co. v. Pickens*, 258 Ark. 69, 522 S.W.2d 350 (1975), which are cited in the majority and concurring opinions. In *Hope Brick Works*, we held that a corporation doing business in Arkansas is a "citizen" with standing to request records pursuant to the FOIA. In *Arkansas Gazette Co.*, we held that the Arkansas Gazette Company (an Arkansas corporation) and one of its reporters (an Arkansas resident) had standing to pursue a

claim under the FOIA that they were entitled to attend meetings of committees of the University of Arkansas Board of Trustees.

Neither case supports the conclusion of the majority and concurring opinions that a *governmental office* such as the Office of the Attorney General is a "citizen" with standing either to request information pursuant to Ark. Code Ann. § 25-19-105(a), or to appeal the denial of such a request pursuant to Ark. Code Ann. § 25-19-107(a). The corporations and the newspaper reporter involved in *Hope Brick Works* and *Arkansas Gazette Co.* were purely *private* actors, and thus those cases supply no basis for holding that a state office is a "citizen" with standing to proceed under the FOIA.

The majority and concurring opinions also allude to statements in *Hope Brick Works* and *Arkansas Gazette Co.* to the effect that "'*anyone*' who requests information [under the FOIA] is entitled to it" (emphasis added). The statement orginates from our decision in the *Arkansas Gazette Co.* case, which concerned whether newspaper reporters were entitled to attend "public meetings" at the University of Arkansas. Quoting from an FOIA provision now codified at Ark. Code Ann. § 25-19-106(b)(1), we said that "[t]he time and place of each regular meeting shall be furnished to *anyone* who requests the information." *Arkansas Gazette Co. v. Pickens*, 258 Ark. at 77, 522 S.W.2d at 355. The provision at issue in the *Arkansas Gazette Co.* case has no application here, as the Attorney General does not seek to attend "open public meetings" pursuant to § 25-19-106. Rather, he requests the disclosure of documents pursuant to provisions that confer standing only upon a "citizen."

Finally, the concurring opinion cites the discussion of the *Hope Brick Works* case in a leading treatise on the Arkansas Freedom of Information Act. *See* JOHN J. WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT 75-78, 332-33 (3d ed. 1998). Nothing in Professor Watkins's treatise supports the concurring opinion's statement that *Hope Brick Works* "compels" the conclusion that the Office of the Attorney General is a "citizen" under the FOIA. In fact, the treatise quotes from an opinion of the Attorney General to the effect that the FOIA "does not address

who may or may not review documents by virtue of an official position." *Id.* at 78 (quoting Ark. Op. Att'y Gen. No. 89-330). The Attorney General repeated that observation in at least two other opinions. *See* Ark. Op. Att'y Gen. Nos. 91-323 and 96-386. It appears that the Attorney General has since rethought his position on this issue.

No doubt, a laudable aim of Arkansas's Freedom of Information Act is to provide citizens with the means of learning "what their government is up to," *Stilley v. McBride, supra,* but the majority's decision in this case will provide *the government* with the means of learning what *the government* is "up to," a novel suggestion, no matter what the context. If that is to be the law, the General Assembly should enact it, not this Court. Nothing in the FOIA suggests that the General Assembly intended any such result.

I respectfully dissent.

IMBER, J., joins in this opinion.