Cullen R. HARRIS and Sandra K. Harris *v*. STATE of Arkansas

CA 92-520                                           850 S.W.2d 41

Court of Appeals of Arkansas
Division I
Opinion delivered April 14, 1993
[Rehearing denied March 3, 1993.]

208

*Thomas R. Newman*, for appellant Cullen R. Harris; and *James E. Davis*, for appellant Sandra K. Harris.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Cullen and Sandra Harris appeal from an order of the Pike County Circuit Court declaring $211,714.00 in currency forfeited to the State pursuant to Ark. Code Ann. § 5-64-505 (Supp. 1991). Appellants contend that the trial court had no jurisdiction at the time of the hearing because the case had been removed to federal court, and that the currency was not subject to forfeiture since it was found during an illegal search. We find sufficient merit in appellants' first argument to require reversal. Therefore, the second argument will not be addressed.

On April 3, 1991, the State filed a petition for forfeiture of $211,714.00, alleging that it was seized along with a quantity of contraband on a farm that appellants occupied near Glenwood, Arkansas. Both appellants were served within a week thereafter and both subsequently filed answers. A trial was scheduled for July 12, 1991. According to the attorneys for appellants, they learned on July 10, 1991, that the court had dismissed several Arkansas residents from the action. Appellants contended that they were residents of Louisiana and that, as a result of those dismissals, complete diversity of citizenship existed. On July 11, 1991, appellants filed a "Notice of Removal of Civil Action" to the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C. § 1446. Copies of the notice were filed with the Pike County Circuit Clerk and served on opposing counsel.

On July 12, 1991, appellants appeared with counsel in circuit court and objected to the court's taking any action on the State's petition. Appellants asserted that the case had been removed to federal court and that the state court lacked jurisdiction to proceed. Over appellants' objection, the circuit court ruled that it would hold the hearing as scheduled but would not issue a ruling unless and until the case was remanded by the federal

court. The case then proceeded to trial. At the conclusion of the State's evidence, the court announced that the State had successfully presented a prima facie case that the currency was subject to forfeiture and that the burden fell on appellants to overcome the presumption of Ark. Code Ann. § 5-64-505. After appellants offered proof, the hearing was adjourned. On July 23, 1991, the State filed a "Motion to Remand" in the United States District Court. On August 26, 1991, that court remanded the case to state court on grounds that appellants' notice of removal had not been timely filed under the federal removal statute. The Pike County Circuit Court thereafter entered an order forfeiting the $211,714.00 to the State.

On appeal, appellants contend that the case was effectively removed to federal court on July 11 and, therefore, that the state trial court lacked jurisdiction over the action at the time of the hearing on July 12. Appellants contend that, although the order of forfeiture was not entered until after the case had been remanded to the state court, the order is void because it is based on evidence taken at a time when the court had no jurisdiction. We agree.

■■ Federal law governs removal proceedings. *Grubbs* v. *General Electric Credit Corp.*, 405 U.S. 699 (1972). The procedure for removing a case from state to federal court is outlined in 28 U.S.C. § 1446. A defendant desiring to remove an action to federal court must file a notice of removal in the appropriate federal district court, together with a copy of all process, pleadings, and orders served upon the defendant in the action. 28 U.S.C. § 1446(a). The notice of removal of a civil action, as here, shall be filed within the shorter of thirty days from receipt of the initial pleading or thirty days from service of summons. If the case stated by the initial pleading is not removable, however, notice of removal must be filed within thirty days after receipt of a copy of an amended pleading, motion, or order from which it may first be ascertained that the case is one that is or has become removable. 28 U.S.C. § 1446(b). Filing a notice of removal, together with giving written notice thereof to all adverse parties and filing a copy of the notice with the clerk of the state court, "shall effect removal *and the State court shall proceed no further unless and until the case is remanded.*" 28 U.S.C. § 1446(d) (emphasis added). Upon such filings, removal is automatic, jurisdiction of

the federal court is complete, and state court jurisdiction ceases or is suspended. Generally, any judicial action taken by a state court, after removal is effected but before remand by the federal court, is null and void. *See Moreda* v. *Honda Motor Co., Ltd.*, 861 F.2d 1248 (11th Cir. 1988); *South Carolina* v. *Moore*, 447 F.2d 1067 (4th Cir. 1971); *Arkansas* v. *Howard*, 218 F. Supp. 626 (E.D. Ark. 1963); *see also* 29 *Federal Procedure, L.Ed.* § 69.95 (1984); 32B Am. Jur. 2d *Federal Practice and Procedure* § 2512 (1982).

■■ Admittedly, appellants' notice of removal in this case was filed more than thirty days after they were served. However, while it is often stated that the time limits prescribed in § 1446 are mandatory and must be strictly construed, meeting the time requirements is not jurisdictional and is not a prerequisite to removal being "effected." *See Loftin* v. *Rush*, 767 F.2d 800 (11th Cir. 1985); *Fristoe* v. *Reynolds*, 615 F.2d 1209 (9th Cir. 1980); *see also* 1A *Moore's Federal Practice and Procedure* ¶ 0.168[3.-5-7] (1987); 29 *Federal Procedure, L.Ed.* § 69:77 (1984). Here, it is undisputed that appellants filed their notice of removal in federal court, filed a copy with the clerk of the state court, and gave prompt notice of those filings to the State prior to the date of the hearing in state court. We conclude that removal to federal court was thereby effected.

■■ It is also true that the state court's forfeiture order was not entered until after the case was remanded by the federal court. However, that fact is not determinative of whether the state court acted without jurisdiction. In this context, some courts have drawn a distinction between judicial acts and mere clerical or ministerial acts, holding that a court retains power to perform purely ministerial acts. *See Master Equipment, Inc.* v. *Home Insurance Co.*, 342 F. Supp. 549 (E.D. Pa. 1972); *Worsham* v. *Union Life Insurance Co.*, 483 S.W.2d 44 (Tex. Civ. App. 1972). The Arkansas Supreme Court has also drawn a distinction between judicial and ministerial acts in an analogous situation. In *Chester* v. *Arkansas State Board of Chiropractic Examiners*, 245 Ark. 846, 435 S.W.2d 100 (1968), the appellee Board had held a hearing on a Sunday and entered an order based thereon eighteen days later, on a Thursday. The appellant argued that the Board's order was void because Sunday was *dies non jurisdicus*, or a non-judicial day, and no judicial acts could be performed on

Sundays. The supreme court agreed with the appellant and declared the order void because it was based on the Sunday hearing, the holding of which was clearly judicial as opposed to ministerial in nature. In this case, the circuit court's order of forfeiture was based on evidence taken at a time when the court had no jurisdiction. As in *Chester*, the hearing was void and so is the order entered as a result.

The State contends that any error in holding the forfeiture hearing on the date in question was harmless. The State argues that, if another hearing were ordered, the same evidence would be presented and the same decision reached by the trial court. Appellants make several arguments why this is not true in this particular case. We need not decide this issue, however, as we are not convinced that the harmless error rule has any application where, as here, the court's order is void because it has acted without jurisdiction.

Reversed and remanded.

MAYFIELD, J., agrees.

JENNINGS, C.J., concurs.