Sharon BOOTHE *v.* Michael David BOOTHE

99-1381                                      17 S.W.3d 464

Supreme Court of Arkansas
Opinion delivered May 25, 2000

*Oliver Lee Adams, Jr.,* Chancellor;

*Boyer, Schrantz, Rhoads, & Teague, PLC,* by: *Johnnie Emberton Rhoads,* for appellant.

*Morris & Morris, P.A.,* by: *Tim R. Morris,* for appellee.

RAY THORNTON, Justice. This appeal comes to us from a chancellor's order that denied standing to a grandmother seeking visitation rights under Ark. Code Ann. § 9-13-103(a)(1)(Repl. 1998). The trial court found that the grandmother, appellant in this case, lacked standing under the statute because appellee was her son and the primary custodian of the children. We

hold that the trial court erred, and we reverse and remand the chancery court's decision.

Appellant Sharon Boothe is the paternal grandmother of two grandchildren, Zachariah Andrew Case-Boothe, age six, and Haylee Marie Boothe, age four. Michael Boothe, appellee and the biological son of Sharon, is divorced from the children's mother, Misty Michelle Case. Appellee has primary custody of Zachariah and Haylee, and he refuses to allow contact between appellant and the children.

Appellant filed a petition for grandparent visitation, alleging that it would be in the best interests of the children if grandparental visitation were granted. In her petition, she states that the last time she saw the children was in October 1998. Appellee denies this allegation, and later he filed a motion to declare Ark. Code Ann. § 9-13-103 unconstitutional, alleging that the statute invades the fundamental right of privacy of parents to determine with whom their children visit, and that it invades the right of parents to raise their children without undue state interference. The chancellor issued an order in which he denied appellee's motion. He also found that appellant had no standing to pursue visitation under Ark. Code Ann. § 9-13-103. Appellant timely filed a notice of appeal. Appellee did not file a formal notice of cross-appeal, but seeks to raise two points on cross-appeal in his brief.

We will first address appellee's constitutional challenge to the grandparent-visitation statute. The Attorney General was not notified of the challenge to the constitutionality of Ark. Code Ann. § 9-13-103, and the issue was not developed in the record of the proceedings before the trial court. The trial court ruled that the statute was not unconstitutional, and appellee did not file a notice of cross-appeal on this point. Under Ark. R. App. P.—Civil 3(d), a cross-appeal "may be taken by filing a notice of cross-appeal with the clerk of the court which entered the judgment, decree or order being appealed." *Id.*

█ Ordinarily the failure to file a notice of cross-appeal would end the matter, but cross-appeals have been addressed even when no formal notice was filed. In *Hasha v. City of Fayetteville*, 311 Ark. 460, 845 S.W.2d 500 (1993), a notice of cross appeal was not filed. We pointed out that while a failure to file a notice of cross-

appeal would ordinarily end the matter, the appellee in that case did not seek any relief it did not receive in the lower court, and we addressed the matter. *Id.* It is clear that a notice of cross-appeal is necessary when an appellee seeks something more than it received in the lower court. *Moose v. Gregory*, 267 Ark. 86, 590 S.W.2d 662 (1979).

▮ In this proceeding, appellee is requesting relief he did not receive in the trial court. At the trial level, appellee requested the trial court to rule that Ark. Code Ann. § 9-13-103 is unconstitutional, and the trial court denied his motion. Without filing a notice of cross-appeal, appellee now requests us to provide additional relief by declaring that the trial court erred in failing to declare that the grandparent-visitation statute is unconstitutional because it invades his right to privacy. He requests something more than he received in the trial court. Therefore, we hold that his failure to file a notice of cross-appeal prevents us from considering this point on appeal.

▮ The remaining issue to be resolved is whether appellant had standing to pursue visitation rights under Ark. Code Ann. § 9-13-103(a)(1). We have held that visitation rights existing in grandparents must be derived from statutes or conferred by a court of competent jurisdiction pursuant to statutes. *Cox v. Stayton*, 273 Ark. 298, 619 S.W.2d 617 (1981); *Quarles v. French*, 272 Ark. 51, 611 S.W.2d 757 (1981).

▮ In 1975, the legislature provided for grandparent visitation in the event of divorce or custody proceedings. *See* Ark. Stat. Ann. § 34-1211.1 (Supp. 1983). A later amendment enacted a broad standard for grandparent visitation and allowed visitation to a grandparent "regardless of the marital status of the parents of the child or the relationship of the grandparents to the person having custody of the child." *See* Ark. Stat. Ann. § 34-1211.2 (Supp. 1985). In 1987, the legislature again revised this area of statutory law and granted courts permissive authority to allow grandparents visitation in certain circumstances. Arkansas Code Annotated § 9-13-103 provides in pertinent part:

*9-13-103. Visitation rights of grandparents.*

(a)(1) Upon petition by a person properly before it, a chancery court of this state may grant grandparents and great-grandpar-

ents reasonable visitation rights with respect to their grandchild or grandchildren or great-grandchild or great-grandchildren at any time if:

(A)The marital relationship between the parents of the child has been severed by death, divorce, or legal separation

\*\*\*

(2) The visitation rights may only be granted when the court determines that such an order would be in the best interest and welfare of the minor.

*Id.* A grandparent's right to visit her grandchild is a right created by statute. *Rudolph v. Floyd*, 309 Ark. 514, 832 S.W.2d 219 (1992). This statute was amended in 1987 to provide visitation "if the marital relationship between the parents of the child has been severed by either death, divorce or legal separation." *Id.*

Our rules of statutory construction and interpretation have often been repeated:

The first rule in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *Arkansas Vinegar Co. v. Ashby*, 294 Ark. 412, 743 S.W.2d 798 (1988). Statutes relating to the same subject should be read in a harmonious manner if possible. All statutes on the same subject are in *pari materia* and must be construed together and made to stand if capable of being reconciled.... In interpreting a statute and attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the matter.

*Board of Trustees v. Stodola*, 328 Ark. 194, 942 S.W.2d 255 (1997) (citation omitted). On review of an issue of statutory interpretation, we are not bound by the decision of the trial court. In the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Bryant v. Weiss*, 335 Ark. 534, 983 S.W.2d 902 (1998); *Hazen v. City of Booneville*, 260 Ark. 871, 545 S.W.2d 614 (1977).

█ Under the plain reading of Ark. Code Ann. § 9-13-103, the trial court has discretionary power to grant visitation to a "grandparent or great-grandparent ... if [t]he marital relationship

between the parents of the child has been severed by death, divorce, or legal separation...[.]" In the present case, the marriage between the parents of the grandchildren has been severed by divorce. The statute does not exclude the parents of the parent with custody from standing to seek visitation. However, it is also clear that the decision whether to grant visitation is a matter of discretion for the trial court, based upon the best interest and welfare of the minor. *Id.*

We have expressed this principle in many cases. In *Rudolph, supra,* we affirmed a chancellor's order to grant visitation to a paternal grandfather, after paternity was established, for a child born out of wedlock. We stated that the grandparent visitation statute does not exclude grandparent visitation after a paternity finding. *Id.*

■ There are limitations upon grandparent-visitation rights. For example, these rights may be terminated by an adoption proceeding. In *Suster v. DHS,* 314 Ark. 92, 858 S.W.2d 122 (1993), we held that grandparental rights are derivative of their children's parental rights and that the derivative right is subject to divestment by adoption. In *Vice v. Andrews,* 328 Ark. 573, 945 S.W.2d 914 (1997), we stated that "if there had been no adoption[,] ... the provisions of Ark. Code Ann. § 9-13-103 permitting grandparent visitation privileges would be the controlling statute." *Id.*

We conclude that in the case before us, appellant has standing to petition for visitation rights under Ark. Code Ann. § 9-13-103(a)(1). Of course, we do not adjudicate the question whether appellant should be granted visitation rights. Under the statute, the trial court has discretion to determine whether visitation rights are appropriate under a best-interest-of-the-child standard.

■ Accordingly, we hold that the trial court erred in denying appellant standing to petition for visitation rights under Ark. Code Ann. § 9-13-103, and reverse and remand for further proceedings.

Reversed and remanded.