The Honorable Mike Beebe Senate President Pro Tempore 83rd General Assembly 211 W. Arch Avenue Searcy, AR 72143-5331
Dear President Pro Tempore Beebe:
You have requested an Attorney General opinion concerning the hiring of professional appraisers to conduct county-wide reappraisals.
Your question is:
 Does the procedure for hiring professional appraisers under A.C.A. § 26-26-1901 et seq. (Act 1185 of 1999) supersede the procedure prescribed in A.C.A. § 26-26-601 et seq.? If not, are the procedures in those two subchapters alternatives, or must the procedures in both be complied with in order to hire professional appraisers?
RESPONSE
Summary of Opinion
It is my opinion that the procedure for hiring professional appraisers under A.C.A. § 26-26-1901 et seq. (Act 1185 of 1999) does not supersede the procedure for entering into contracts with appraisers that is described in A.C.A. § 26-26-601 et seq. Rather, as explained more fully below, it is my opinion that the provisions of these two subchapters establish two different sets of requirements that must be met in order for counties to enter into contracts with professional appraisers. Therefore, counties must comply with both statutes. That is, counties must meet the procedural requirements that are set forth in A.C.A. §26-26-601 et seq., and must also meet the requirements that are set forth in A.C.A. § 26-26-1901 et seq.[1]
Discussion
The Arkansas Supreme Court has held that when two statutes address the same subject, they must be interpreted, if possible, in a way that would allow both to be upheld. Boothe v. Boothe, 341 Ark. 381, 17 S.W.3d 464
(2000). In my opinion, it is possible to interpret the provisions of A.C.A. § 26-26-1901 et seq. and those of A.C.A. § 26-26-601 et seq. so that both statutes can be upheld. Such an interpretation would involve viewing the two statutes as establishing two different sets of requirements that must be met in order to consummate a contract with professional appraisers.
Under A.C.A. § 26-26-601 et seq., counties must follow the required procedure of petitioning, holding a public hearing, and obtaining a court order authorizing the contract with the professional appraiser. Under A.C.A. § 26-26-1901 et seq., counties must obtain the Assessment Coordination Department's (ACD's) approval of that contract. A.C.A. §26-26-1905.[2] I interpret this requirement of ACD's approval of contracts with professional appraisers to be a new requirement that must be met in addition to the previously required procedure of petitioning, holding a hearing, and obtaining the court order. It is my opinion that this previously required procedure under A.C.A. § 26-26-601 et seq. was not superseded by A.C.A. § 26-26-1901 et seq. Rather, A.C.A. § 26-26-1901et seq. simply added a new requirement. In choosing to enter into contracts with professional appraisers, counties must now not only follow the procedure that is set forth in A.C.A. § 26-26-601 et seq., but must also comply with A.C.A. § 26-26-1901 et seq. It is in this way that the two statutory schemes can be harmonized, upheld, and enforced.
My conclusion regarding this matter is bolstered by the language of Act 1185 itself. It states:
 Implementation of this subchapter does not relieve a county of any previous requirements for reappraisal.
A.C.A. § 26-26-1909.
Conclusion
Because the provisions of A.C.A. § 26-26-1901 and A.C.A. § 26-26-601 etseq. establish two different requirements that must be met in order for counties to enter into contracts for professional appraisal services, I must conclude that A.C.A. § 26-26-1901 does not supersede A.C.A. §26-26-601 et seq., but rather, that both statutes must be complied with.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The Assessment Coordination Department takes the position that in addition to complying with A.C.A. § 26-26-1901 et seq., counties have the alternative of complying either with A.C.A. § A.C.A. § 26-26-601 etseq., (which requires a petition, hearing, and court order) or with A.C.A. § 26-27-312 (under which the county equalization board, meeting in special session, can hire professional appraisers). The Arkansas Supreme Court has never directly addressed the issue of whether compliance with A.C.A. § 26-26-312 is a sufficient alternative to complying with A.C.A. § 26-26-601 et seq. However, it should be noted that in Villines v.Harris, 340 Ark. 319, 11 S.W.3d 516 (2000), Pulaski County hired professional appraisers by using the procedures outlined in A.C.A. §26-27-312 rather than those set forth in A.C.A. § 26-26-601 et seq. A taxpayer sued alleging illegal exaction. Although the case went to the Supreme Court on procedural issues, and the court therefore did not address the issue of whether compliance with A.C.A. § 26-27-312 rather than A.C.A. § 26-26-601 et seq. constituted a violation of law, two of the concurring opinions seemed to indicate that those particular justices (who were both special justices) did view this action as a violation of law. It is not clear what position the full court would take if presented with this issue. The Villines v. Harris litigation returned to the lower courts, where it is still pending.
[2] It should be noted that A.C.A. § 26-26-1905(a)(3) explicitly states that the provisions of the Arkansas Purchasing Law (A.C.A. § 19-11-201 etseq.) do not apply to contracts made under A.C.A. § 26-26-1901 et seq.,
or to any expenditure of funds from Arkansas Real Property Fund (which was also created by Act 1185 of 1999). Among the significant effects of this exclusion of the state purchasing law is the fact that although counties normally are prohibited from soliciting bids on contracts for professional services, A.C.A. § 19-11-802(c), that prohibition does not apply to contracts with professional appraisers. A.C.A. §26-26-1905(a)(3). That is, counties are not now prohibited from soliciting bids for contracts with professional appraisers.