Ms. Cathyrn Hinshaw, Executive Director Arkansas Fire and Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
You have presented the following questions for my opinion:
 Is it possible to read the provisions of A.C.A. § 24-11-827 and A.C.A. § 24-11-818(f) together to conclude that a retired local fire pension fund member may become active again in the same department from which he retired, as long as his pension benefit is suspended and he does not receive compensation for that service? How is the conflict between A.C.A. § 24-11-827 and A.C.A. § 24-11-818(f)(3) to be handled?
RESPONSE
It is my opinion, as explained more fully below, that A.C.A. § 24-11-827
and A.C.A. § 24-11-818(f), are addressing different types of return to service by retirees and therefore do not conflict.
I will begin by setting forth the provisions of the two statutes in question.
A.C.A. § 24-11-827 states:
 (a) Notwithstanding any other provision of the law to the contrary, should an age or service retirant return March 1, 1986, or later, to employment in a position covered by the fireman's fund from which he retired, no pension payments shall be paid him for the period of such reemployment, and he may make member contributions to the system as if he were an active member during such reemployment.
 (b) If reemployment terminates before the retirant has rendered sufficient reemployment to accumulate at least three (3) years of credited service had he been an active member during such reemployment, the payment of his pension shall resume upon such termination, under the form of payment in force at the beginning of reemployment and in an amount as it would be had he not been reemployed. The retirant shall be paid the accumulated contributions based upon any member contributions he may have made during such reemployment.
 (c) If reemployment continues until the retirant has rendered sufficient reemployment to accumulate three (3) years of credited service had he been an active member during such reemployment, then effective upon completion of such reemployment his retirement shall be canceled and such former retirant shall again become an active member. Upon resuming active membership the service and contributions and pay records during reemployment shall be added to the member's records as they were at retirement.
A.C.A. § 24-11-818(f) states in pertinent part:
 (f)(2) Notwithstanding the provisions of subsection (a) of this section or any other law to the contrary, a person retired from the service of a fire department may remain actively involved in the fire department, provided the person does not receive compensation for the service provided.
 (3) Service to a fire department under subdivision (f)(2) of this section shall not cause any suspension of retirement benefits payable under § 24-11-801 et seq., nor shall such service be interpreted by any board administering funds under § 24-11-801 et seq. as a reinstatement of employment in a fire department.
The statutory provisions quoted above appear at first blush to conflict with one another. The first statute allows a return to service by retirees with compensation, but requires that the retiree's pension benefits be suspended during the period of such return to service. The second statute allows a return to service by retirees, but prohibits compensation of the retiree and provides that the payment of pension benefits is not to be interrupted during the period of such return to service.
It is my opinion that these two statutes do not conflict. One of the fundamental rules of statutory interpretation is that if two statutes address the same subject, they must be read harmoniously so that both can be given effect if possible. Boothe v. Boothe, 341 Ark. 381,17 S.W.3d 464 (2000). In my opinion, it is possible to read A.C.A. § 24-11-827 and A.C.A. § 24-11-818(f) so that both can be given effect. Such an outcome can be brought about if the two statutes are interpreted as simply addressing different types of return to service by retirees.
I interpret the provisions of A.C.A. § 24-11-827 as addressing a situation in which a retiree comes out of retirement in order to return to employment in a position covered by the pension fund, in exchange for compensation, and with the possibility of making further contributions to the fund and the possibility of accruing further years of credited service in the system. In contrast, the provisions of A.C.A. §24-11-818(f) clearly envision a situation in which a retiree remains "involved" with the department, but not in a capacity that would be covered by the fund, and not in exchange for compensation. Moreover, this retiree would have no possibility of making further contributions to the fund and would have no possibility of accruing further years of credited service in the system. Retirees who return to service pursuant to A.C.A. § 24-11-827 can receive a salary but not pension payments during their re-employment. Retirees who return to service pursuant to A.C.A. §24-11-818(f) cannot receive a salary, but can continue to receive pension payments. These are simply two different situations. Because the two statutes address these two different situations, I conclude that they do not conflict.
The practical result of my conclusion regarding this matter is that fire fighters who have participated in a local pension fund and who desire to return to service with the department will have two choices in determining the manner in which they return to service with the department.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General