The Honorable Janice A. Judy State Representative 202 West Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have presented the following questions for my opinion:
 (1) Can municipalities that ordinarily adopt annual budgets that end on December 31 of each year change their budgets to end on January 31 of each year by adopting a new budget pursuant to A.C.A. § 14-58-202" on or before February 1" of each year?
 (2) Can municipalities adopt a fiscal year that begins February 1 and ends January 31 of each year?
 (3) Is there a conflict between A.C.A. § 14-58-201, which requires a budget period from January 1 to December 31, and A.C.A. § 14-58-202, which allows until February 1 for the annual budget to be adopted?
 (4) If a municipality has traditionally adopted the coming year's budget prior to December 31 of the current year, and if the municipality fails to adopt a budget for the next year, then under what mechanism does the city continue to operate past January 1 until January 31 of the next year?
 (5) In the situation described in Question 4, does the city or town continue to operate under a continuing budget resolution or under a temporary budget based on the most recently adopted budget?
RESPONSE
Question 1 — Can municipalities that ordinarily adopt annual budgets that end on December 31 of each year change their budgets to end on January 31 of each year by adopting a new budget pursuant to A.C.A. § 14-58-202 "on or before February 1" of each year?
It is my opinion that municipalities may not formulate their budgets to end on January 31 of each year rather than on December 31.
Although state law does not explicitly state that the city council must adopt a budget for the time period of January 1 through December 31, that requirement can certainly be inferred from the relevant statutes. The most pertinent statutory language regarding this issue is found in A.C.A. § 14-58-201, which states:
 On or before December 1 of each year, the mayor of all cities and incorporated towns having the mayor-council form of government shall submit to the governing body of the city or town, for its approval or disapproval, a proposed budget for operation of the city or town from January 1 to December 31 of the forthcoming year.
A.C.A. § 14-58-201.
No other provision of state law makes any reference to the intended fiscal year for cities. Although the above-quoted language permits the city council to approve or disapprove the mayor's proposed budget, and although under A.C.A. § 14-58-202 the council is allowed until after the expiration of the previous year's budget to approve the budget for the forthcoming year, there is no indication of any legislative intent to permit the council to formulate its own budget that would incorporate a different fiscal year than the one explicitly mentioned in A.C.A. §14-58-201. It is my opinion that if the legislature had intended to permit the city council to take such action, it would have stated this intent at least as explicitly as it stated its intent that the mayor's proposed budget incorporate a fiscal year running from January 1 through December 31.
For these reasons, I conclude that municipalities may not formulate their budgets to end on January 31 of each year rather than on December 31.
Question 2 — Can municipalities adopt a fiscal year that begins February 1 and ends January 31 of each year?
No. See response to Question 1.
Question 3 — Is there a conflict between A.C.A. § 14-58-201, which requires a budget period from January 1 to December 31, and A.C.A. §14-58-202, which allows until February 1 for the annual budget to be adopted?
It is my opinion that there is not a conflict between A.C.A. § 14-58-201
and A.C.A. § 14-58-202. I will begin by setting forth the provisions of the two statutes in question.
A.C.A. § 14-58-201 states:
 On or before December 1 of each year, the mayor of all cities and incorporated towns having the mayor-council form of government shall submit to the governing body of the city or town, for its approval or disapproval, a proposed budget for operation of the city or town from January 1 to December 31 of the forthcoming year.
A.C.A. § 14-58-202 states:
 Under this subchapter, the governing body of the municipality shall, on or before February 1 of each year, adopt a budget for operation of the city or town.
The Arkansas Supreme Court has consistently held that statutes relating to the same subject should be read in a harmonious manner if possible, and must be construed together and made to stand if capable of being reconciled. Boothe v. Boothe, 341 Ark. 381, 17 S.W.3d 464 (2000). In my opinion, the provisions of A.C.A. § 14-58-201 and -202 are easily reconciled.
As you note, the provisions of A.C.A. § 14-58-201 require the mayor to submit to the city council a proposed budget for the time period from January 1 to December 31. In contrast, the provisions of A.C.A. §14-58-202 allow the city council to wait until February 1 to adopt the city's annual budget. It is my opinion that rather than conflicting, these two provisions simply permit a situation in which the city would be required to operate without a permanent budget for a limited time.
This conclusion, of course, raises the question of how the city is to operate during the time period between December 31 and February 1. During that time period, the city must operate by way of specific city council action for expenditures. Such specific city council action can take the form of simply adopting the previous year's budget on a temporary basis, or can be applied to individual expenditures. In my opinion, the city council's general authority over the city's fiscal affairs, see A.C.A. §14-43-502, and the council's general power of appropriation, see A.C.A. § 14-58-203, provide a sufficient basis for its authority to operate the city by way of specific action for expenditures during that limited period. Although this issue has not been addressed by the Arkansas Supreme Court, at least one court of another jurisdiction that has addressed the issue has adopted this approach. See Wilson v. Dawson, 590 So.2d 263
(Ala. 1991) (city council's statutory authority to control city's finances gave it authority to approve expenditures in absence of valid budget).
Question 4 — If a municipality has traditionally adopted the coming year's budget prior to December 31 of the current year, and if the municipality fails to adopt a budget for the next year, then under what mechanism does the city continue to operate past January 1 until January 31 of the next year?
See response to Question 3.
Question 5 — In the situation described in Question 4, does the city or town continue to operate under a continuing budget resolution or under a temporary budget based on the most recently adopted budget?
It is my opinion, as discussed in response to Question 3, that in the situation described in Question 4, the city must operate by way of specific city council action for expenditures. As indicated, such specific city council action can take the form of simply adopting the previous year's budget on a temporary basis, or can be applied to individual expenditures. In my view, as previously stated, the city council has the authority to take either approach on the basis of its general authority over the fiscal affairs of the city. See A.C.A. § 14-42-502 and A.C.A. §14-58-203.
It is my opinion that state law does not authorize an automatic reinstatement of the most recently adopted budget. Rather, the city council must affirmatively act with regard to this matter. This conclusion follows from the fact that city budgets must be formulated on an annual basis, see A.C.A. § 14-58-201 et seq., and cities are prohibited from basing their proposed expenditures on the revenues from succeeding years. See Ark. Const., Art. 12, § 4.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General