Christina MITCHELL *v.* Honorable Carol Crafton ANTHONY,
Union County Circuit Judge, Honorable Mike Huckabee,
Governor, State of Arkansas, Jamie Pratt, Prosecuting Attorney for
Union County, Arkansas

03-659                                      120 S.W.3d 97

Supreme Court of Arkansas
Opinion delivered July 24, 2003

*Clay Law Firm*, by: *Alvin Clay*, for petitioner.

*Mike Bebee*, Att'y Gen., by: *Joseph V. Svoboda*, Ass't Att'y Gen., for respondents.

P ER CURIAM. This court has been deluged with motions, petitions, responses, and orders that have been filed in state courts in Alabama, Tennessee, and Arkansas, and in the United States District Court, Western District, El Dorado Division. This matter centers on an eight-year-old girl. Paul Kelley claims he is entitled to custody of the girl pursuant to a Tennessee order. That order appears to be in conflict with an Alabama Court of Appeals decision which *overturned* an earlier Alabama trial court ruling finding Kelley to be the girl's father. The Alabama appellate court subsequently held Kelley had no standing to establish his paternity of the child, and dismissed Kelley's petition. Nonetheless, Kelley pursued enforcement of his rights under the Tennessee court order ultimately granting him custody of the girl. The State of Tennessee then sought extradition of the girl's mother, Christina Mitchell, as a fugitive who had been charged with the crime of custodial interference under Tennessee law and who allegedly fled with the girl to El Dorado, Arkansas.

Kelley and Mitchell have filed various pleadings in the Union County Circuit Court that resulted in a hearing in that Arkansas trial court on June 12, 2003, and that court's determination that all extradition documents were "in order" and lawful. The trial court further gave Mitchell until June 19, 2003, to file a petition for writ of habeas corpus or she would be incarcerated. A hearing on this matter was scheduled for June 24, 2003. Mitchell filed a

*pro se* petition for a writ of habeas corpus on June 12, 2003, in the United States District Court for the Western District of Arkansas. On June 19, 2003, Mitchell faxed to the Union County Circuit Court a copy of her amended petition for habeas corpus relief filed in federal court with a brief prepared by her attorney. The federal district court entered an order temporarily staying the delivery of Mitchell to Tennessee officials.

Apparently, the Union County Circuit Court Clerk was served with notice of the federal district court petition on July 16, 2002. Further actions and orders were filed in the state proceeding after July 16, including a warrant for Mitchell's arrest. As this case stands at present, a number of legal issues have been raised and remain unanswered, especially the issue regarding which court has jurisdiction of these custody and extradition proceedings.

This legal dispute needs to be unraveled, and, in doing so, this court commences the process by awaiting the federal district court's determination on whether it has obtained jurisdiction of these custody and extradition proceedings. If it decides it does, that court will likely proceed with a hearing of the case The parties can argue their respective positions to the federal judge and preserve their record for any appeal. In other words, the respective parties can present their arguments there. That court can always return the case to the Arkansas courts if it rules the jurisdiction over this extradition and custody matter should be with the state courts. *See Cadle & Pierce v. Cauthron*, 266 Ark. 419, 584 S.W.2d 6 (1979) (where there is a conflict between the state and federal authorities, federal authorities control in extradition proceedings); *see also Harris v. State*, 41 Ark. App. 207, 850 S.W.2d 41 (1993) (filing a notice of removal, together with giving written notice to all adverse parties and filing a copy of the notice with the clerk of the state court, shall effect removal and the state court shall proceed no further unless and until the case is remanded).

■ For the reasons set out above, we direct no further action be taken by the state officials while they await the federal district court's decision regarding its jurisdiction, if any, in this matter.