ARKCO CORPORATION, *et al.* *v.* Jess ASKEW

04-441 200 S.W.3d 444

Supreme Court of Arkansas
Opinion delivered December 22, 2004

*Timothy O. Dudley*, for appellants.

*Wright, Lindsey & Jennings, LLP*, by: *Bettina E. Brownstein, Justin T. Allen*, and *Troy A. Price*, for appellee.

Tom Glaze, Justice. This is an attorney malpractice case in which appellant Arkco Corporation ("Arkco") sued appellee, attorney Jess Askew, for failing to perfect Arkco's appeal in a civil case out of Phillips County. In 1995, Arkco retained Askew to represent it in a lawsuit it filed against W.T. Paine in Phillips County Chancery Court ("the Paine case"). The trial court in the Paine case announced in mid-December of 1996 that it was going to rule against Arkco. However, before a judgment was filed in Paine's favor, Arkco

filed a bankruptcy petition in federal bankruptcy court on December 24, 1996. The notice of removal to bankruptcy court was filed with the state court at 8:15 a.m. on December 31, 1996; the state court judgment in the Paine case was file-marked and entered at 11:15 a.m. on that same day.

On January 15, 1997, Askew filed, in the state proceedings, what he characterized as "protective" post-trial motions in the state court. Askew noted in those motions that the state court's orders were invalid due to the removal of the case to bankruptcy court, but that they were being filed "to protect the record in this case." On March 12, 1997, Askew also filed a timely notice of appeal from the December 31, 1996, order in the Paine case, making Arkco's record due in ninety days, or on June 10, 1997. Later in March, Arkco's bankruptcy case was dismissed, though the bankruptcy court did not immediately remand the case to the state court.

On June 6, 1997, the eighty-sixth day after the filing of the notice of appeal, Askew filed a motion in the Paine case in state court to extend the time to lodge the record on appeal; the trial court signed that order on June 9, 1997, but the order extending the time was not entered until June 12, 1997, two days after the deadline for filing the record had expired. When Askew attempted to tender the record to the supreme court clerk's office on September 12, the clerk rejected the record as untimely.

On October 3, 1997, the bankruptcy court entered an order of remand, sending the Paine case back to the state court. The remand order purported to return the proceeding to the state court "effective from the date of the earliest decree of the state court," which was December 31, 1996. However, the bankruptcy court remanded the case "*nunc pro tunc* [to] December 30, 1996." Apparently, that court's intent was to return the case so as to validate the state court's December 31, 1996, order, which had been entered *after* the removal of the Paine case to bankruptcy court.

On May 20, 2002, Arkco filed a malpractice action against Askew, alleging that Askew failed to timely appeal the Paine case, thereby causing Arkco to lose its right to appeal that case. On September 12, 2003, Askew filed a motion for summary judgment, arguing that he was not negligent in failing to perfect the appeal, because the order appealed from — i.e., the December 31, 1996, state court order — was void, since the state court lacked jurisdic-

tion to enter that order once the case had been removed to bankruptcy court. *See, e.g., Allstate Ins. Co. v. Bourland,* 296 Ark. 488, 758 S.W.2d 700 (1988); *Harris v. State,* 41 Ark. App. 207, 850 S.W.2d 41 (1993) (generally, any judicial action taken by a state court, after removal is effected but before remand by the federal court, is null and void). In his summary-judgment motion, Askew further asserted that the appeal from the state court decree was unnecessary and was done out of an abundance of caution and only for "protective purposes." Because the judgment was void, he argued, there was no judgment from which to appeal. Thus, he claimed, whether he timely lodged the appeal from an invalid judgment was immaterial.

The trial court agreed with Askew and partially granted his summary-judgment motion at a December 12, 2003, hearing, finding that Askew was not negligent in failing to perfect Arkco's appeal in the Paine case. At that same hearing, the court informed the parties that it was going to recess for the holidays from December 19, 2003, until January 5, 2004. On December 16, 2003, Arkco's counsel, Tim Dudley, contacted Askew's attorney to advise that Arkco had decided to seek an interlocutory appeal of the court's order granting partial summary judgment. As a result, Dudley modified that original precedent that Askew had submitted in order to include a Rule 54(b) certificate; Dudley asked Askew to approve the amended precedent and return it before December 18. The trial court then signed the precedent on December 18, 2003, and the order, partially granting summary judgment and certifying the matter for appeal under Ark. R. Civ. P. 54(b), was entered on December 19, 2003.

Arkco's notice of appeal from that order would therefore have been due within thirty days, or on or before January 19, 2004.[1] Arkco failed to meet this deadline, and instead waited until January 26, 2004, to file a motion for extension of time to file its notice of appeal, wherein Arkco alleged that it had not received a file-marked copy of the order partially granting summary judgment. Over Askew's objection, the trial court granted Arkco's motion for extension of time on the grounds that the court had not sent out a notice to counsel for Arkco that the order had been filed. The court gave Arkco an additional fourteen days to file its notice of appeal, and Arkco filed its notice of appeal on February 5, 2004.

---

[1] The thirtieth day after December 19, 2003, was January 18, 2004; however, January 18 fell on a Sunday, extending the deadline to the next business day. *See* Ark. R. Civ. P. 6(a).

In its appeal to this court, Arkco argues that the trial court erred in granting Askew's motion for summary judgment, because the bankruptcy court's *nunc pro tunc* order of remand was not appealed; therefore, Arkco submits it had no avenue to either appeal or collaterally attack the state court judgment. Askew, on the other hand, has filed a motion to dismiss Arkco's appeal, contending that the trial court improperly granted Arkco's motion for extension of time to file its notice of appeal.

We first consider Askew's motion to dismiss Arkco's appeal.[2] In his motion, Askew asserts that Arkco made no showing of reasonable diligence in seeking to become informed about the entry of the trial court's order; accordingly, he claims, the court should have denied Arkco's request for additional time to file its notice of appeal. Askew argues that, because Arkco knew that the order had been signed by the judge before December 19, 2003, it should have known it would have been filed in the clerk's office either the day it was signed or shortly thereafter. Further, Askew contends, if Arkco and its attorney did not know that the order had been filed, such lack of knowledge was due to a failure to monitor the status of the case. In addition, Askew asserts that, even if Arkco could have reasonably believed that the order was not going to be entered until sometime around January 5, 2004, there was no reason to have waited until January 26, 2004, to check on the status of the order's filing.

Ark. R. App. P.—Civ. 4 (2004) governs the time for filing a notice of appeal and extensions thereof; that rule provides in relevant part as follows:

---

[2] In response to Askew's motion, Arkco argues that Askew did not file a notice of appeal from the trial court's order granting Arkco's motion to extend the time to file its notice of appeal. Arkco contends that this deprives this court of jurisdiction to consider Askew's motion to dismiss the appeal. *See, e.g., Brown v. Minor*, 305 Ark. 556, 810 S.W.2d 334 (1991) (notice of cross-appeal is necessary when an appellee seeks something more than it received in the lower court). However, in *Boothe v. Boothe*, 341 Ark. 381, 17 S.W.3d 464 (2000), this court noted that, in some circumstances, cross-appeals have been addressed even when no formal notice was filed. Citing *Hasha v. City of Fayetteville*, 311 Ark. 460, 845 S.W.2d 500 (1993), the *Boothe* court noted that, while a failure to file a cross-appeal would ordinarily end the matter, when an appellee does not seek any relief he did not receive in the lower court, the court would address the issues raised. Here, Askew is not seeking anything in this court that he did not receive from the lower court; he is ultimately only asking this court to affirm the trial court's grant of partial summary judgment in his favor. Therefore, no notice of appeal or cross-appeal was necessary on his part, which allows us to address his motion.

> Upon a showing of failure to receive notice of the judgment, decree, or order from which appeal is sought and a determination that no party would be prejudiced, *the circuit court shall*, upon motion filed within 180 days of entry of the judgment, decree, or order, *extend the time for filing the notice of appeal* for a period of 14 days from the day of entry of the extension order.

Rule 4(b)(3) (emphasis added).

■ This rule was amended on January 22, 2004; prior to that time, it had provided the trial court with discretion to extend the time for filing the notice of appeal. *See* Ark. R. App. P.—Civ. 4(b)(3) (2003) ("Upon a showing of failure to receive notice of the judgment . . . the circuit court *may* . . . extend the time for filing the notice of appeal"). The Reporter's Notes to the 2004 version of the rules points out that the word "shall" replaced "may," "thereby requiring the circuit court to extend the time under the circumstances described in this provision."[3]

In *Arnold v. Camden News Publishing Co.*, 353 Ark. 522, 110 S.W.3d 268 (2003), this court held that the trial court did not abuse its discretion in refusing to grant an appellant's motion for extension of time to file her notice of appeal, because the appellant had not exercised due diligence to apprise herself of the status of the trial court's order and whether or not that order had been entered.[4] Although the rule itself did not contain the due diligence verbiage, this court held that the trial court was "applying a standard that this court has consistently interpreted as being part of the rule, that *a lawyer and litigant must exercise reasonable diligence in keeping up with the docket.*" *Arnold*, 353 Ark. at 528 (emphasis added). In acknowledging that this due diligence requirement was not an explicit part of the rule, the *Arnold* court wrote as follows:

> [I]t is only logical and reasonable that parties assume some modicum of obligation to exercise diligence in keeping up with the status of

---

[3] The Reporter's Notes also assert that the effect of this amendment was to overrule *Arnold, supra.* However, the Reporter's Notes are not precedent for this court. *See Green v. Mills*, 339 Ark. 200, 4 S.W.3d 493 (1999).

[4] The *Arnold* court also distinguished the federal rules of appellate procedure, noting that, although our appellate Rule 4 had been amended to "incorporate some features of Rule 4 of the Federal Rules of Appellate Procedure," the federal rules required the clerk to send entered precedents to counsel of record. Arkansas' rules contain no such requirement, the *Arnold* court pointed out, and it therefore remains the duty of the parties to make themselves aware of the status of their cases. *Arnold*, 353 Ark. at 528.

their case, *particularly when they know that a precedent has been submitted and approved by both sets of counsel and is simply waiting approval by the court.* It is, in fact, mandated by the Model Rules of Professional Conduct that attorneys exercise due diligence on behalf of their clients. See Model Rules of Professional Conduct 1.3.

*Id.* (emphasis added).

In his motion to dismiss Arkco's appeal, Askew argues that, despite the amendment to Rule 4(b)(3), the due diligence requirement must still be read into the rule. He relies on the language in *Arnold*, cited above, that it is "only logical and reasonable that parties assume some modicum of obligation to exercise diligence" in keeping up with the court's docket. Askew also asserts that the amendment to Rule 4(b)(3) did not do away with this reasonable diligence requirement, because, according to the *Arnold* court, the diligence requirement had been considered part of the rule prior to the *Arnold* decision.

 We agree with Askew. As discussed above, the court has "consistently interpreted" the rule as containing a diligence requirement, and "once this court has interpreted its rules or statutes, that interpretation subsequently becomes a *part* of the rule or statute itself." *Arnold*, 353 Ark. at 528 (emphasis in original). The diligence requirement on the part of the attorneys is unaffected by the substitution of "shall" for "may," as those words speak to the trial court's duty, rather than to the attorney's responsibilities. It is not apparent from the plain language of the 2004 version of the rule that the amendment was intended to relieve attorneys of their burden to comply with their professional responsibilities, as those responsibilities are described, not only in *Arnold*, but also in Rule 1.3 of the Model Rules of Professional Conduct ("A lawyer shall act with reasonable diligence and promptness in representing a client"). Tellingly, the Comments to Rule 1.3 provide the following:

> Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed.

 The amendment to the rule changes only the trial judge's burden and duty; when the court is faced with an attorney who has acted diligently but who has nevertheless not received

notice of the entry of an order, that judge *shall* grant an extension. It is mandatory. The amendment simply does not, however, relieve an attorney of acting diligently. Unfortunately, Arkco's attorney failed to exercise due diligence in keeping up with the court's docket to determine whether the December 19, 2003, order had been entered. Had Arkco's attorney followed up on the entry of the order, and shown that he otherwise met the requirements of Rule 4, the trial court would have been under an absolute obligation to grant his motion for extension of time. However, because Dudley offered no proof that he acted diligently, the trial court erred in granting his motion.

Arkco's notice of appeal was untimely, and an untimely notice of appeal deprives this court of jurisdiction to consider the matters raised on appeal. *See U.S. Bank v. Milburn,* 352 Ark. 144, 100 S.W.3d 674 (2003); *Rossi v. Rossi,* 319 Ark. 373, 892 S.W.2d 246 (1995). Therefore, we grant Askew's motion and dismiss Arkco's appeal.

Special Justices HEFLEY, McKISSIC, and VITTITOW join this opinion.

BROWN, IMBER, and THORNTON, JJ., not participating.