Cite as 2026 Ark. App. 166

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-25-104

| | |
|---|---|
| UNION INSURANCE COMPANY AND CHUCK HAMILTON CONSTRUCTION, INC. | Opinion Delivered March 11, 2026 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CV-20-2309] |
| V. | |
| AUTO-OWNERS INSURANCE COMPANY | HONORABLE LATONYA HONORABLE , JUDGE |
| APPELLEE | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Union Insurance Company (Union) and Chuck Hamilton Construction, Inc. (Chuck Hamilton), appeal the Pulaski County Circuit Court order entering summary judgment in favor of Auto-Owners Insurance Company (Auto-Owners). We affirm.

This case involves an insurance-coverage dispute. Union insured Chuck Hamilton under a commercial general-liability policy. Chuck Hamilton is a general residential building contractor, and in February 2010, Chuck Hamilton contracted with Kristen and Cliff Lee to remodel their house in Little Rock. In December 2010, Chuck Hamilton contracted with Freddie Cobbs d/b/a Cobbs Stonework (Cobbs) to perform stonework and masonry on the Lees' house. Cobbs had a commercial general-liability policy with Auto-Owners.

In the summer of 2012, Chuck Hamilton completed the construction of the Lees'

house. However, on June 6, 2017, in a proceeding separate from this case, the Lees filed suit

in circuit court against Chuck Hamilton alleging claims of breach of contract, breach of

express warranty, and breach of implied warranty. They claimed the following:

-The construction of the rock veneer around all new additions and new construction
on the residence is causing moisture and mold damaging the structure.

-The mortar in the rock driveway is popping out and the edges are breaking apart.

-The rock patio around the pool has similar issues, and the rock pavers have voids
under them indicating poor adherence

-Poor installation of pool house roof decking and placement of insulation is causing
vaulted ceiling wood veneer to sweat and warp.

After the Lees filed their complaint, Chuck Hamilton moved to compel arbitration as set

forth in its contract with the Lees, and the case proceeded to arbitration.

During the separate proceedings with the Lees, by written letters, Chuck Hamilton

and Union demanded that the Cobbs and Auto-Owners defend, indemnify, and hold them

harmless from any further expense and liability from the Lees' claims. They asserted that

Cobbs's stonework was at issue and had caused the Lees' damages. However, Cobbs and

Auto-Owners did not participate in the proceedings with the Lees. On December 9, 2019,

Union and Chuck Hamilton settled with the Lees for $750,000.

On March 24, 2020, Union and Chuck Hamilton filed a complaint against Cobbs

and Auto-Owners, which is the complaint that gave rise to this appeal. They alleged that

Chuck Hamilton was an additional insured in Cobbs's policy with Auto-Owners and that

Auto-Owners had breached its duty to defend and indemnify Chuck Hamilton in the proceedings with the Lees. They asserted that Cobbs and Auto-Owners are liable for Cobbs's pro rata apportionment of fault for the Lees' damages as well as the amount of reasonable and necessary defense costs. They alleged claims for breach of contract, implied indemnity, and contribution against both Auto-Owners and Cobbs and for negligence against Cobbs. Concerning the negligence claim, they asserted that Cobbs's negligence in performing stonework and masonry on the Lees' house was the sole and proximate cause of the damages they incurred and gave rise to the Lees' claims against Chuck Hamilton.

On April 3, Union and Chuck Hamilton filed proof of service on Cobbs that stated Cobbs was served on March 28 by leaving the summons and complaint with "B/F— wife/refused name" at Cobbs's residence. However, Cobbs did not file an answer.

Also on April 3, Auto-Owners filed an answer, a counterclaim, and a cross-claim for declaratory judgment. Auto-Owners denied that Chuck Hamilton was an additional insured in Cobbs's policy with Auto-Owners. It asked the court to declare that it owed no coverage to Chuck Hamilton or Cobbs for the alleged harm to the Lees' house, that Chuck Hamilton is not an insured on its policy, and that it had no duty to defend or indemnify any person or entity in relation to the Lees' suit. Auto-Owners stated that Cobbs did not add Chuck Hamilton to his Auto-Owners policy.

On June 12, Auto-Owners amended its counterclaim and cross-claim for declaratory judgment to include its policy with Cobbs. The insured is listed as "FREDDIE COBBS DBA:

COBBS STONEWORK." On July 18, 2021, Union and Chuck Hamilton amended their complaint to add the claim of equitable contribution against Auto-Owners and Cobbs.

On July 11, 2022, Union and Chuck Hamilton moved for a default judgment against Cobbs, and on July 13, the court entered a default judgment. Later that same day, Auto-Owners responded to the motion for default judgment, arguing that its answer inured to the benefit of Cobbs and that Cobbs had not been properly served.

On August 1, Auto-Owners moved for summary judgment on Union and Chuck Hamilton's complaint and its counterclaim for a declaratory judgment. Auto-Owners argued that the facts were undisputed that its coverage did not extend to the Lees' suit for three main reasons. First, Auto-Owners argued that Chuck Hamilton was not an insured under its policy with Cobbs and that Union and Chuck Hamilton had no standing to sue based on its policy. Second, Auto-Owners argued its policy covered only tort claims and that the Cobbs suit concerned contract claims. It further pointed out that the three-year statute of limitations for tort claims had lapsed before the Lees filed their complaint. Third, Auto-Owners argued that its policy limitations concerning mold and the "your work" exclusion applied. In the motion, Auto-Owners again claimed that Cobbs was not properly served with the complaint.

On August 2, Union and Chuck Hamilton moved for summary judgment on all their claims against Cobbs and Auto-Owners. As to Cobbs, they pointed out that Cobbs did not appear or file a responsive pleading and that they are therefore entitled to judgment. As to Auto-Owners, they argued that the undisputed facts show that Auto-Owners had breached

4

its duty under its policy to defend and indemnify Chuck Hamilton in the Lees' suit, and they relied on Cobbs's policy with Auto-Owners.[1] They alternatively asserted that they were entitled to implied indemnity, contribution pursuant to Arkansas Code Annotated section 16-61-202 (Supp. 2025), and equitable contribution; and for these claims, they asserted that Auto-Owners was a joint tortfeasor with Chuck Hamilton.

On August 4, the circuit court entered an order setting aside the default judgment against Cobbs. Thereafter, the case was transferred to another circuit court judge.

On June 9, 2023, the court held a hearing on the summary-judgment motions and the default-judgment motion, and on September 7, the court entered a memorandum order. The court first granted Union and Chuck Hamilton's motion for a default judgment. The court found "[n]o evidence was presented that refutes the affidavit and presumption of valid service." The court also granted Auto-Owners' summary-judgment motion. The court found that Chuck Hamilton was not an insured on Auto-Owners' policy and was not in privity of contract with Auto-Owners. The court also denied Union and Chuck Hamiltion's summary-judgment motion.

On September 20, Union and Chuck Hamilton moved for clarification of the September 7 order. They asserted that the court's order was silent on their claims for implied

---

[1]In arguing that Chuck Hamilton was an insured on Cobbs's policy with Auto-Owners, Union and Chuck Hamilton relied on a certificate of liability insurance that Cobbs provided to Chuck Hamilton. The certificate lists Auto-Owners as the insurer, Cobbs as the insured, and Chuck Hamilton as the certificate holder. The certificate provides that it "is issued as a matter of information only and confers no rights upon the certificate holder." On appeal, Union and Chuck Hamilton do not rely on the certificate.

5

indemnity, statutory contribution, and equitable contribution, and they pointed out that these claims do not require privity of contract. They further asserted that their damages against Cobbs remained undecided. Also on September 20, Union and Chuck Hamilton moved for an entry of judgment against Cobbs in the amount of $1,228,578.54.

On September 24, the court entered an order and judgment. The court denied Union and Chuck Hamiltion's summary-judgment motion in "all respects," and it granted Auto-Owners' summary-judgment motion in "all respects." The court thus dismissed the claims against Auto-Owners with prejudice. The court also entered a judgment of $1,228,578.54 against Cobbs.[2]

On October 23, Union and Chuck Hamilton appealed the September 24 order. On appeal, Union and Chuck Hamilton argue that the circuit court erred by granting Auto-Owners' summary-judgment motion.

Summary judgment should be granted only when it is clear there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Cesena v. Gray*, 2009 Ark. App. 143, 316 S.W.3d 257. Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Patrick v. Tyson Foods, Inc.*, 2016 Ark. App. 221, 489 S.W.3d 683. On appeal, viewing the evidence in the light most favorable to the nonmoving party and resolving all doubts and inferences against

---

[2]The judgment is allocated between Union and Chuck Hamilton with $21,801.34 awarded to Chuck Hamilton and $1,206,777.20 awarded to Union.

the moving party, we determine if summary judgment was appropriate by deciding whether the moving party's evidence in support of its motion leaves a material fact unanswered. *Holman v. Flores*, 2018 Ark. App. 298, 551 S.W.3d 1. Our appellate review is not limited to the pleadings since we also focus on affidavits and other documents filed by the parties; however, conclusory allegations are insufficient to create a factual issue in a summary-judgment situation. *Id.*

Union and Chuck Hamilton first argue that the circuit court erred by granting summary judgment because Auto-Owners' policy with Cobbs required Auto-Owners to defend and indemnify Chuck Hamilton in the Lees' suit. In making their argument, Union and Chuck Hamilton rely on cases concerning an insurer's duty to defend its insured.

Their argument is meritless. It is undisputed that Chuck Hamilton was not an insured party on Auto-Owners' policy and not in privity of contract with Auto-Owners. Auto-Owners insured only Cobbs. Thus, the policy did not require Auto-Owners to defend or indemnify Chuck Hamilton, and the cases cited by Union and Chuck Hamilton concerning an insurer and insured are inapplicable to this case.

Union and Chuck Hamilton also argue that the circuit court erred by granting summary judgment in favor of Auto-Owners because they are entitled to implied indemnity from Auto-Owners. They assert that implied indemnity applies because Chuck Hamilton was a principal subjected to vicarious liability due to the faulty work of its agent, Cobbs.

We have stated that the doctrine of implied indemnity is applicable in two situations where no express contract was applicable: (1) imputed or vicarious liability and (2) products

7

liability. *Wilcox v. Wooley*, 2015 Ark. App. 56, at 9, 454 S.W.3d 792 (citing *Elk Corp. of Ark. v. Builders Transp., Inc.*, 862 F.2d 663 (8th Cir. 1988)). In *Wilcox*, we held that an appellant's indemnity claim failed without an express contract because the case did not involve vicarious liability and was not a products-liability case. *Id.*

Similarly, in this case, we find implied indemnity inapplicable. Auto-Owners was not Chuck Hamilton's agent, and the Lees' action concerned contract claims—not tort claims—against Chuck Hamilton. Accordingly, we find no error by the circuit court on this point.

Union and Chuck Hamilton next argue that the circuit court erred by granting summary judgment because they have a valid default judgment against Cobbs, and they are entitled to contribution from Auto-Owners pursuant to Arkansas Code Annotated section 16-61-202.

We again disagree. Arkansas Code Annotated section 16-61-202 provides as follows:

> (a) The right of contribution exists among joint tortfeasors.
>
> (b) A joint tortfeasor is not entitled to a money judgment for contribution until he or she has by payment discharged the common liability or has paid more than his or her pro rata share of the common liability.
>
> (c) The right of contribution is not limited to money damages but also includes the right to an allocation of fault as among all joint tortfeasors and the rights provided for in § 16-61-204.
>
> (d) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.

Thus, the statute applies only to contributions among joint tortfeasors.

In this case, it is undisputed that Auto-Owners was not a joint tortfeasor with Chuck Hamilton. Further, as to their assertion that Auto-Owners must satisfy Cobbs's default judgment, Union and Chuck Hamilton asked for indemnity and contribution for the Lees' suit. They did not argue below that Auto-Owners had to satisfy Cobbs's default judgment.[3] Accordingly, we find no error by the circuit court.

Union and Chuck Hamilton additionally argue that Auto-Owners waived its right to assert defenses against coverage concerning the Lees' suit because Auto-Owners chose not to participate in that proceeding. Their argument is not well taken. Union and Chuck Hamilton rely on cases from other jurisdictions concerning the insurer-insured relationship. Again, Chuck Hamilton is not an insured on Auto-Owners' policy, and Chuck Hamilton was the sole defendant in the Lees' suit.

Accordingly, for the reasons set forth above, we affirm the circuit court's grant of summary judgment in favor of Auto-Owners.

Affirmed.

THYER and BROWN, JJ., agree.

*Barber Law Firm, PLLC*, by: *Michael L. Alexander* and *Tristan T. Bennett*, for appellants.

---

[3]Auto-Owners argues in its response that Union and Chuck Hamilton do not have a valid default judgment against Cobbs. However, Auto-Owners did not file a cross-appeal. Our case law is well settled that when an appellee seeks something more than it received in the lower court, a notice of cross-appeal is necessary to give us jurisdiction of the cross-appeal. Ark. R. App. P.–Civ. 3(d); *Hendrix v. Mun. Health Benefit Fund*, 2022 Ark. 218, 655 S.W.3d 678; *Boothe v. Boothe*, 341 Ark. 381, 17 S.W.3d 464 (2000); *Brown v. Minor*, 305 Ark. 556, 810 S.W.2d 334 (1991).

*Laser Law Firm*, by: *Brian A. Brown*; and *Robertson, Beasley, Shipley & Robinson, PLLC,*

by: *Clay W. Sulliven*, for separate appellee Auto-Owners Insurance Company.